JAMES WHITE *vs.* ERRICO CIRIACO.

Third Judicial District, Bridgeport, October Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES AND HINMAN, Js.

In an action by the plaintiff to recover damages for personal injuries suffered while riding at night as a guest in the defendant's automobile, the trial court found that, when the car reached the top of a long steep hill, the pavement of which was covered with freezing rain and sleet, the defendant, though disregarding the plaintiff's suggestion that he follow a warning sign informing travelers of the dangerous condition and advising them to "go into second gear," drove carefully at a speed of twenty miles an hour down the grade, at the bottom of which his car, despite the fact that it was equipped with tire chains, skidded as he attempted to make a sharp left turn and crashed into a stone wall. *Held* that these findings of subordinate facts were supported by the evidence; and that they, in turn, justified the trial court's conclusion that the skidding was caused by the slippery condition of the road and not by the defendant's negligence.

Although the existence of a cautionary sign placed by those in charge of a highway upon a dangerous hill is ordinarily a relevant and weighty consideration in determining whether the operator of an automobile exercised reasonable care, the warning in the present case was of no significance since it did not appear that it was erected by any public authority or that the failure of the defendant to obey it was a proximate cause of the accident.

Argued October 27th, 1926—decided January 28th, 1927.

ACTION to recover damages for personal injuries, alleged to have been caused by the defendant's negligence, brought to the Superior Court in New Haven County and tried to the court, *Yeomans, J.;* judgment for the defendant, and appeal by the plaintiff. *No error.*

*Edward B. Reiley,* for the appellant (plaintiff).

*Richardson Bronson,* for the appellee (defendant).

MALTBIE, J. The plaintiff is appealing from a judgment for the defendant in an action for injuries alleged to be due to his negligence. The plaintiff was riding in the defendant's automobile as his guest on a night trip from Waterbury to New York City. It was storming and cold, the road was slippery and dangerous, but the defendant's car was equipped with new chains, and before coming to the hill where the accident occurred, while it had skidded a number of times, it was only to a slight extent. The accident occurred near the bottom of a hill at South Norwalk where the road turned sharply to the left; the automobile, instead of making the turn, going off the road to the right and running against a stone wall. The hill is about one quarter of a mile long, is very steep, and it is very dangerous to drive down it when the pavement is wet or icy. When the defendant came to the hill it was raining and sleeting and the rain and sleet were freezing as they fell. At the top of the hill are two signs, one an electric flash, the other bearing a legend in large letters: "Caution, long steep hill, bad curve at bottom, go into second gear." As the defendant started down the hill the plaintiff called his attention to this sign and suggested that he go into second gear, but the defendant continued in high gear.

The twenty-fifth and twenty-sixth paragraphs of the finding are as follows: "25. The defendant drove his car down said hill carefully, at a speed of about twenty miles an hour, and near the bottom of the hill attempted to turn to the left with the bend of the road, when the car skidded and the driver thereupon lost control and was unable to guide said car around the curve, and by reason of the skidding the car went across the pavement off the traveled way and against the stone wall. 26. In driving said car down said hill the defendant drove the same with care and skill, and the skidding of said car was not caused by any negligent operation on the part of the driver thereof but by the condition of the road." That part of the twenty-fifth paragraph which states that the defendant drove his car down the hill "carefully, at a speed of about twenty miles an hour," and the entire twenty-sixth paragraph, the appellant moves to have stricken out, and, in place, to have inserted certain statements from his own draft-finding, which would make the speed of the automobile much greater than twenty miles an hour and would attribute the failure of the automobile to make the turn to the speed at which it was traveling, and to the fact that when it failed to respond to the defendant's attempt to steer it around the corner, he suddenly applied his emergency and foot brakes.

Of the refusal of the court to find that the defendant used his emergency brake, it is enough to point out that in his own testimony he denied doing so. So the finding of the court as to the speed of the automobile is supported by his testimony. It is true that the defendant also stated that he did not know how fast the car was going, but in view of his testimony as a whole and his further statement that he did not look at the speedometer, the trial court might have reasonably understood him to mean that he could only

estimate the speed of the car; but the court had the right to adopt that estimate, in preference to the testimony of the plaintiff and his supporting witness, which it might well have held to be affected by interest, inaccurate and exaggerated. The finding that the defendant operated the automobile "carefully" or "with care and skill" is evidently intended to mean that he was watchful and heedful and actually drove with skill, and these were fair inferences for the trial court to draw from the defendant's description of his conduct. The finding that the skidding of the car was not due to negligent operation on the part of the defendant is evidently a conclusion drawn by the trial court from the other facts it has found; and we cannot say that it was not one which it could not reach logically, reasonably and in accordance with the rules of law. The finding cannot be corrected.

The remaining reasons of appeal assert error in the overruling of the plaintiff's "claims of law" as stated in the finding. These claims are really statements of the conclusions of fact which the plaintiff sought to have the trial court draw, and the case made by the finding is not such that we can say that the trial court was bound, in reason, and by the rules of logic and law, to draw them. The plaintiff stresses the failure of the defendant to put his car in second gear in going down the hill, in accordance with the direction on the sign at the top. It is a wise precaution on the part of the authorities in charge of the highways to post such cautions as to the operation of automobiles upon dangerous hills and the existence of such a warning would ordinarily be a relevant consideration, and might have much weight, in determining whether reasonable care had been used. In the instant case, however, it does not appear in the finding that the failure of the defendant to drive in second gear was a proximate cause

of the accident; indeed, it does not appear that the sign was erected by any public authority.

There is no error.

In this opinion the other judges concurred.