NATHAN M. LEVY, TRUSTEE, *vs.* HARRY BROMBERG.

Third Judicial District, New Haven, June Term, 1928.

WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued June 12th—decided July 16th, 1928.

*Herman J. Weisman* and *Arthur Klein,* for the appellant (plaintiff).

*John H. Cassidy,* with whom, on the brief, was *Alfred L. Finklestein,* for the appellee (defendant).

WHEELER, C. J.   The plaintiff, trustee in bankruptcy of the estate of Ershler Brothers, Inc., sues to recover the balance due, $2,499.67, for merchandise amounting to $3,099.67, upon which $600 was paid on May 11th, 1927, sold and delivered to the defendant between May 2d and May 14th, 1927.   There is no question upon the evidence that this merchandise was sold and delivered to defendant at the specified price and that the balance of $2,499.67 is due unless the defendant had paid for a part of this or was entitled to certain deductions and offsets.   The defendant's defenses are that upon the account from May 2d to May 7th, amounting to $1,644.61, the Ershler Brothers, Inc., had agreed to deductions of $441.61, to which defendant was justly entitled, and had paid him the balance in cash on that date, and that upon the balance of the account, $1,455.06, defendant was justly entitled to deductions of $249.50, which the Ershler Brothers, Inc., had agreed to, leaving a balance due of $1,205.56, which was offset by an indebtedness to him of $1,300, evidenced by three unpaid checks, one dated November 22d, 1926, for $300, and two checks, each for $500 and dated April 30th, 1927.   The trial court denied the motion to set aside the verdict for the reasons set forth in its memorandum of decision, which we quote: "Had this case been tried to the court, I would have reached a different conclusion than the jury did, for to me it is clear that the defendant told a story upon the witness stand that not only was unlikely, but was obviously untrue.   By such story and by the verdict of the jury, who saw fit to believe the defendant instead of the plaintiff's witnesses, as they had a right to, the defendant has been enriched at the expense of the creditors

of the bankrupt estate in the sum of about $2,500. Unfortunately, the issues of fact having been decided by the jury in favor of the defendant, the court is unable to set aside the verdict and which, had it been otherwise, would have enabled the court to present the matter to the proper authorities for action."

These views reveal the court's strong and fixed opinion that the defendant's statement of this transaction as a witness was improbable and obviously untruthful, but that as there was a conflict between the defendant's and the plaintiff's witnesses it was without power to set the verdict aside, although it had unjustly enriched the defendant at the expense of the creditors of the bankrupt estate in the sum of about $2,500.

The trial court misconceived our rule of law. That never permits a manifest fraud to prevail even though there be witnesses who testify in contradiction of the conclusion of fraud. In the recent case of *State* v. *Chin Lung,* 106 Conn. 701, 704, 139 Atl. 91, we find a late expression of our rule: "If, on the other hand, we find it [the verdict] does manifest injustice, and is so palpably against the evidence as to indicate that the jury must have made some mistake in the application of legal principles, or were influenced by lack of knowledge or understanding, or by corruption, prejudice, or partiality, we will set it aside."

The verdict was so at variance with the estimate of the case by the trial court as to support, if this estimate was correct, the conclusion that, at the least, it must have been reached through a lack of knowledge or understanding. If the trial judge was right, the verdict was palpably against the evidence and so unreasonable as to produce manifest injustice.

When the trial judge reaches such a conclusion about a verdict he should set it aside, whether it has been reached "in passing upon the credibility of witnesses

and in the weighing of conflicting testimony," or not. *Roma* v. *Thames River Specialties Co.*, 90 Conn. 18, 20, 96 Atl. 169.

The further duty has rested upon us of examining the evidence with extreme care in order to determine, upon that examination and analysis, whether the estimate of the case by the trial judge was correct. We have done this and are fully satisfied that the defendant has upon this evidence no right to a verdict. The statement of our examination and analysis of this evidence will serve no purpose except to picture a dishonest attempt to induce court and jury to accept a palpably improbable story. That we regard as unnecessary.

There is error, the judgment is reversed and the Superior Court directed to enter its judgment granting the motion to set aside the verdict.

In this opinion the other judges concurred.