JANE COHEN
vs.
THEODORE HAWLEY, JR., ET AL.

Superior Court    New Haven County    File #48720·

MEMORANDUM FILED MARCH 26, 1938.

George C. Conway, of New Haven, for the Plaintiff.

Carlos Ellis, Jr., of Middletown, and D. L. O'Neill, of New Haven, for the Defendants.

BALDWIN, J. About two o'clock in the afternoon of January 25, 1935 the plaintiff was a passenger in an automobile which was being driven northerly on the Middletown-Durham Turnpike. Immediately after crossing the Middletown-Durham town line, the car in which she was came in collision with a car being driven southerly by the defendant W. Whitney Stueck, causing her some injuries.

The scene of this collision was approximately midway of a moderately descending grade, going southerly, approximately 1,500 feet long. A day or two previously a rather heavy fall of snow had occurred and snow plows had scraped snow from the roadway leaving a space sufficiently wide for two cars to pass and leaving rather high banks of snow on each side of the road.

At places on the surface of the road there was some accumulation of snow and at some of these places it was rolled down hard, and was icy and slippery. At some places snow had drifted in and so filled a portion of the roadway which had been scraped as to make it too narrow for two cars to pass at the same time.

The defendant Hawley was driving an automobile southerly, having been followed from Middletown by the defendant Stueck. Just before the accident occurred Stueck was approximately one hundred and twenty-five feet behind Hawley. Both cars were being operated at a reasonable rate of speed and with reasonable care. As they approached the scene of

the collision, the car in which the plaintiff was a passenger was approaching from the opposite direction and at a reasonable rate of speed. Hawley observed that in front of him, and at a point where he was about to meet the car in which the plaintiff was, that the snow had drifted into the roadway on the side he was on to a depth and extent that would not admit of the two cars passing, and he brought his car to a stop to admit of the approaching car passing.

Stueck, observing the Hawley car coming to a stop, applied his brakes, and his car went into a skid on the slippery condition of the surface of the road that existed at this place. He skidded to the left and proceeded past the Hawley car and his forward left wheel and fender and headlight came in contact with the left running board near the rear end and the left rear fender of the car in which the plaintiff was, which car had been brought to a stop on its right side of the road, turned somewhat to its right into the snow bank and somewhat forward of where the Hawley car had stopped.

The accident was the result of the skidding which was caused by the condition of the road due to the accumulation of drifted snow and the slippery surface of the road at this place. The skidding and the accident were not the result of negligence by anyone concerned. *White vs. Ciriaco*, 105 Conn. 553; *DeAntonio vs. New Haven Dairy Co.*, 105 id. 663, 667; *James vs. Von Schuckman*, 115 id. 490, 493; *Nirenstein vs. Sachs*, 117 id. 343, 345.

The plaintiff's injuries were the result of accidental means. Judgment is, therefore, for the defendants.