ANTHONY MARTINO *v.* VINCENT PALLADINO ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued June 5—decided June 25, 1956

*George J. Yudkin,* with whom was *Harold B. Yudkin,* for the appellants (defendants).

*F. Patrick Zailckas,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff brought an action to recover a broker's commission for the sale of real estate. The case was tried to the jury and resulted in a verdict for the defendants. On the plaintiff's motion the court set the verdict aside, and the defendants have appealed, assigning error in the

granting of the plaintiff's motion. Our task is to review the court's action.

A broker is entitled to his commission when he has procured a customer ready, able and willing to purchase upon terms prescribed or accepted by the seller. *Thomas F. Rogers, Inc.* v. *Hochberg*, 143 Conn. 22, 24, 118 A.2d 910. The burden of proof is upon the broker to establish these essentials by a fair preponderance of the evidence. General Statutes, § 7969, provides in part as follows: "The court shall decide all issues of law and all questions of law arising in the trial of any issue of fact; and, in committing the cause to the jury, shall direct them to find accordingly, and shall submit all questions of fact to the jury, with such observations on the evidence, for their information, as it may think proper, without any direction how they shall find the facts." " 'Whether there be *any* evidence, is a question for the judge. Whether *sufficient* evidence, is for the jury.' " *Loomis* v. *Norman Printers Supply Co.*, 81 Conn. 343, 347, 71 A. 358, quoting with approval *Company of Carpenters* v. *Hayward*, 1 Dougl. 374, 375, 99 Eng. Rep. 241; *Regina* v. *Smith*, Le. & Ca. 607, 627, 169 Eng. Rep. 1533.

A verdict cannot be disturbed unless it is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality. *State* v. *LaFountain*, 140 Conn. 613, 616, 103 A.2d 138; *Harris* v. *Clinton*, 142 Conn. 204, 209, 112 A.2d 885. The question of the credibility of witnesses is one solely within the province of the jury. *Silva* v. *Hartford*, 141 Conn. 126, 129, 104 A.2d 210; *Zullo* v. *Zullo*, 138 Conn. 712, 715, 89 A.2d 216. The jury are not required to accept the statement of a witness even though it is un-

contradicted. *Steinert* v. *Whitcomb,* 84 Conn. 262, 267, 79 A. 675; *Warner* v. *McLay,* 92 Conn. 427, 430, 103 A. 113. On the other hand, they may accept it even though it is in conflict with that of several other witnesses. *Brodie* v. *Connecticut Co.,* 87 Conn. 363, 366, 87 A. 798. In *Pappaceno* v. *Picknelly,* 135 Conn. 660, 68 A.2d 117, a divided court held that the plaintiff's motion to set aside a verdict for the defendants should have been granted and remanded the case to the trial court with direction to grant the motion. Under the circumstances of that case it was stated (p. 662) that "[a] jury is not at liberty to disregard evidence unless they can reasonably conclude that it is not to be credited." Our action in that case, as the dissenting opinion pointed out, represented "a rare occurrence." The case at bar does not present a parallel situation. The plaintiff had the burden of proof, and the appendices of the evidence filed by the parties show a conflict of testimony on the vital facts. It was within the province of the jury to accept or to disbelieve any or all of it. While the ruling of the trial court on a motion to set aside a verdict is entitled to great weight, there is nothing in the memorandum of decision which indicates that the court's decision on the present motion resulted from an opinion that the verdict showed ignorance, prejudice, corruption or partiality on the part of the jury or any of its members. No erroneous charge of the court or incorrect ruling on any other matter during the trial, so far as the record discloses, affected the verdict. It should not have been set aside.

There is error, and the case is remanded with direction to render judgment on the verdict.

In this opinion the other judges concurred.