Mary D. Nelson *v.* Robert B. August, Administrator (Estate of Charlotte Trombley), et al.

Daly, C. J., Baldwin, King, Murphy and Mellitz, Js.

Argued May 13—decided June 10, 1958

*William E. C. Bulkeley,* with whom was *Charles W. Page,* for the appellant (defendant Nelson).

*Walter J. Sullivan,* for the appellant (defendant Shaner).

*Joseph P. Kenny,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff, Mary D. Nelson, brought an action to recover damages for injuries which she claimed to have suffered while riding in an automobile owned by the defendant The Snow Buick Company and driven by her husband, the defendant Anton M. Nelson. It collided with an automobile owned by the defendant administrator's decedent and driven by the defendant Mary B. Shaner. Anton Nelson brought an action against Mrs. Shaner, and the two cases were tried together to a jury. The collision occurred at night on a curve in the highway, which ran in a generally east and west direction, when the car driven by Nelson was proceeding west and the one driven by Mrs. Shaner was proceeding east. The plaintiff withdrew her action as against the defendant administrator and The Snow Buick Company. The jury returned a verdict in favor of the plaintiff against Anton Nelson and Mrs. Shaner in the present action, and in favor of Mrs. Shaner in the action brought against her by Anton Nelson. Motions to set aside these verdicts were denied. The defendants in the present action have appealed, Mrs. Shaner pressing her appeal only as to the amount of the verdict.

Each defendant operator claims that it was the other who crossed the middle of the highway and caused the collision. Nelson asserts that the debris from the impact, as well as the major portion of

both cars when they finally came to rest following the collision, was on his side of the highway. From this he argues that the indisputable physical facts are at variance with the testimony of Mrs. Shaner and support his claim that he was on his own side of the road and consequently was not negligent. Evidence of physical facts controls the result in the trial of an action for negligence only when those facts are indisputable and demonstrate so conclusively what occurred that a reasoning mind could not accept any other hypothesis. *Hagstrom* v. *Sargent,* 137 Conn. 556, 559, 79 A.2d 189; *Wadlund* v. *Hartford,* 139 Conn. 169, 172, 91 A.2d 10. In the instant case, it cannot be said as a matter of law that the hypothesis claimed by Nelson is the only one consistent with the physical facts. Both drivers claimed to have been, respectively, on the right side of the middle of the road, and the location of the debris and the position of the cars after the accident are not so conclusive as to compel a finding that the actual contact between them occurred in the westbound portion, as claimed by Nelson, and not, as the jury could have found upon all the evidence, in the middle of the road.

Both defendants challenge the amount of the verdict as excessive. The plaintiff's out-of-pocket expenses and loss of earnings as a registered nurse earning $69.75 weekly exceeded $9500. In addition to other injuries, painful but not permanent, the jury could have found that the plaintiff suffered a fracture of her right foot and ankle which was reduced by an operation. Her work as a nurse required her to be on her feet much of the time. The permanent disability of 40 per cent in the functional status of her right ankle will prevent her from following her profession as a nurse as she did before the in-

jury. Her life expectancy was 32.01 years. A verdict of $34,700 is not so large that it compels a conclusion that the jury were influenced by partiality, prejudice or mistake. *Pierce* v. *Albanese,* 144 Conn. 241, 263, 129 A.2d 606. The action of the trial court supporting the verdict gives weight to its validity. *Marciniak* v. *Wauregan Mills, Inc.,* 139 Conn. 264, 271, 93 A.2d 135; *Fairbanks* v. *State,* 143 Conn. 653, 660, 124 A.2d 893.

There is no error.

In this opinion the other judges concurred.