VIOLA LUGDON *v.* CITY OF MERIDEN

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 8—decided June 17, 1958

*Paul V. McNamara,* with whom, on the brief, was *James C. Deakin,* for the appellant (defendant).

*Joseph P. Patrucco,* for the appellee (plaintiff).

MURPHY, J. About 7:15 o'clock on the morning of March 22, 1954, the plaintiff, a resident of Wallingford, was walking to her place of employment in Meriden when she fell on the sidewalk in front of 350 Center Street in Meriden, sustaining personal injuries. She alleged, and the trial court has found, that the proximate cause of her fall was a defective condition of the sidewalk which had existed for five years at that location. The court also found that the plaintiff was walking along in a normal and ordinary manner and was not contributorily negligent. It rendered judgment for her to recover damages. From the judgment, the defendant has appealed. The appeal is limited to the question of liability.

The defendant has printed all the material evidence on liability in the appendix to its brief. It is pressing three basic claims of error. The first two are closely interwoven. They are that there was no evidence from which the court could have found that the plaintiff was walking in a normal and ordinary manner and was therefore exercising due care, and that the defect was not the sole proximate cause of the plaintiff's fall. The third is that the specific condition which the plaintiff claimed was the cause of her fall was located in a spot off "the beaten path" most likely to be followed by pedestrian traffic and,

because of its location, could not be such an actionable defect that the defendant could be held liable.

The plaintiff was the only witness who testified as to the circumstances of her fall. She stated: "I was just walking along. I wasn't picking a spot. I was just walking right along, going back to work. I certainly didn't fall on purpose." This testimony is meager, but it is sufficient evidence to sustain the court's finding that she was walking in a normal and ordinary manner. A question of fact was presented for the court's determination. *Marley* v. *New England Transportation Co.*, 133 Conn. 586, 591, 53 A.2d 296. The evidence furnished a proper basis for an inference as to the plaintiff's conduct. *White* v. *Ciriaco*, 105 Conn. 553, 556, 136 A. 70.

The plaintiff was walking northerly on the inside of the westerly sidewalk in front of 350 Center Street. The walk consisted of flagstones of different sizes and uneven heights, laid in an irregular line. As she stepped from one flagstone to the next, she was thrown off balance by the difference in elevation of the two flags. The more southerly was two inches higher at its westerly edge than the one to the north. This difference in height decreased progressively to the outer or easterly edge of the walk. The defendant's contention is that the plaintiff should have walked in either the center or the easterly portion of the walk rather than on the westerly side, and that if she had done so, the depressed area would not have been of as great depth and there would have been less likelihood of her pitching forward. On the face of the printed record this appears plausible. *Older* v. *Old Lyme,* 124 Conn. 283, 284, 199 A. 434. It must be borne in mind, however, that the court inspected the scene with counsel. The condition of the walk was unchanged from the day of the plaintiff's fall.

Photographs introduced as exhibits and made part of the finding show the walk in the area where the plaintiff fell. It was generally irregular, cracked and uneven. The court could properly have concluded that the plaintiff was following the course which reasonably prudent pedestrians would take under the circumstances existing in this case. *Linn* v. *Hartford,* 135 Conn. 469, 472, 66 A.2d 115. "In a civil case a plaintiff is not bound to demonstrate his right to recover, or even to prove it beyond a reasonable doubt. It is sufficient if the evidence produces in the mind of the trier a reasonable belief of the probability of the existence of the material facts." *Judd* v. *H. S. Coe & Co.,* 117 Conn. 510, 512, 169 A. 270; *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 A. 739; *Hennessey* v. *Hennessey,* 145 Conn. 211, 214, 140 A.2d 473.

There is no error.

In this opinion the other judges concurred.