JOHN PRIZIO *v.* ANTHONY PENACHIO

DALY, C. J., BALDWIN, KING, MURPHY and MELLITZ, Js.

Argued May 6—decided June 3, 1959

*Joseph G. Shapiro,* with whom were *John H. Welch, Jr.,* and, on the brief, *Milton H. Belinkie,* for the appellant (defendant).

*Charles R. Covert,* with whom was *H. Mefford Runyon,* for the appellee (plaintiff).

BALDWIN, J. The plaintiff was four years of age at the time of the accident. He brought this negligence action by his father and next friend, claiming damages for the injuries he received when he was struck by a laundry truck owned by the defendant Anthony Penachio and driven by his employee George Redding. The jury returned a verdict for the plaintiff and the defendant has appealed. He has assigned error in the denial of his motion to set

the verdict aside because it is against the evidence and is excessive.

The jury could have found these facts: The accident occurred on June 7, 1954, on Anderson Street in Stamford. This street runs north and south through a residential neighborhood, is straight and level, and has a blacktop pavement. It is very narrow, being only sixteen and one-half feet wide between curbings. Traffic is northbound only. On the day of the accident, the plaintiff and his mother were visiting relatives who lived on the east side of Anderson Street. Just north of the house on their premises there was a driveway wide enough to admit two automobiles abreast. It came from the rear of the premises and ended in a ramp across a five-foot sidewalk. A truck was parked on the west side of the street opposite the driveway. These material facts appear to be undisputed.

The defendant claimed that his truck was proceeding north at a moderate speed on the right-hand side of the street and was approaching the driveway when the plaintiff suddenly appeared from between two cars parked in the driveway and ran into the side of the defendant's truck. The driver stopped immediately. The plaintiff claimed that he was standing on the ramp of the driveway, about five to six inches east of the curb line, with his back to the street, when he was struck by the side of the truck. The defendant contends that, regardless of which version of the accident is accepted, the plaintiff is not entitled to a verdict. In connection with the plaintiff's version, the defendant points to the evidence of a tire mark fifteen feet long, made, presumably, by the right rear wheel of the defendant's truck. This tire mark extended to a point about opposite the middle of the driveway and was parallel

to, and eight to ten inches west of, the curb line of the street. The defendant argues that the side of his truck did not extend far enough beyond the wheels to make it physically possible for the truck to strike the plaintiff if he was standing five to six inches east of the curb line.

From the pictures of the truck offered in evidence and showing its over-all width, the jury could find that the side of the truck extended beyond the wheels and that protruding from it was a guardrail. There was testimony that the guardrail protruded four inches. The plaintiff, by a motion for disclosure, required the defendant to answer certain interrogatories as to the measurements of the truck. It is upon some of these answers that the defendant now bases his claim that the physical facts refute the plaintiff's version of the accident as a matter of law. It does not appear that the interrogatories and the answers to them were admitted in evidence or that there was other testimony of all of the measurements stated in them. The jury did have before it evidence that the driver of the truck, in order to pass the truck parked opposite the driveway, was compelled, as he testified, to go very close to the easterly curb; that his truck could not have been any farther to the right and still be on the street; and that it might have been as little as six inches away from the easterly curb line. "Evidence of physical facts controls the result in the trial of an action for negligence only when those facts are indisputable and demonstrate so conclusively what occurred that a reasoning mind could not accept any other hypothesis." *Nelson* v. *August,* 145 Conn. 347, 349, 142 A.2d 726, and cases cited. It cannot be said that as a matter of law the version of the accident put forward by the defendant, based on measure-

ments evidence of which was not before the jury, is the only one consistent with the physical facts. The jury were entitled to accept, in whole or in part, either version of how the accident occurred. *Martino* v. *Palladino,* 143 Conn. 547, 549, 123 A.2d 872. The plaintiff was not required to prove his case beyond a reasonable doubt. He can recover on evidence sufficient to produce in the mind of the trier a reasonable belief of the probability of the existence of material facts upon which a legal recovery can be predicated. *Lugdon* v. *Meriden,* 145 Conn. 360, 363, 143 A.2d 157, and cases cited.

The defendant claims that the plaintiff injected epilepsy into the case, prejudicing the jury against the defendant and resulting in an excessive verdict. It is unnecessary to rehearse fully the detailed and extensive medical testimony. The jury could find that the four-year-old plaintiff sustained three abrasions on the right side of his face and a left frontal hematoma. His physician found him at the hospital in a semistuporous condition. He had been unconscious for ten to fifteen minutes and had vomited repeatedly. His skull showed fractures extending horizontally across the left frontal area and vertically down the left side below the temple. The vertical arm of this fracture was wide and nine centimeters long. The horizontal arm measured six centimeters. The plaintiff was hospitalized for three weeks and part of this time was on the critical list. That there was some laceration of the brain tissue was demonstrated by bloody spinal fluid. Following discharge from the hospital, the plaintiff had headaches, dizziness and, for three and one-half years, a startle type of reflex at night which his family described as nightmares. He developed a bed-wetting habit which persisted. He was nerv-

ous, restless and difficult to discipline. He lost a year in school and was backward in his studies and play. There were definite symptoms of a brain injury which it was reasonably probable would result in petit mal attacks of epilepsy progressive in nature. The special damages were $1868.45. The denial by the trial court of the defendant's motion to set aside a verdict of $24,500 on the ground that it was excessive is entitled to great weight. This court will not overrule the trial court unless the verdict is "so large as to offend the sense of justice and compel a conclusion that the jury were influenced by partiality, prejudice or mistake." *Gorczyca* v. *New York, N.H. & H.R. Co.,* 141 Conn. 701, 703, 109 A.2d 589; *Fairbanks* v. *State,* 143 Conn. 653, 661, 124 A.2d 893. The present verdict passes that test.

There is no error.

In this opinion the other judges concurred.