## Frank J. Czelzewicz *v.* Theodore Turansky

### Appellate Division of the Circuit Court

File No. CV 13-6512-2534

Argued May 5—decided June 20, 1969

*George D. Royster, Jr.,* of Hartford, for the appellant (defendant).

*Thaddeus Maliszewski,* of Hartford, for the appellee (plaintiff).

Kinmonth, J. The plaintiff brought this action to recover for damages to his motor vehicle, alleged to have been sustained as a result of the negligence of the defendant. The court rendered judgment for the plaintiff, and the defendant has appealed, claiming the court erred (1) in applying the doctrine of res ipsa loquitur, (2) in failing to correct the finding by adding facts which were admitted or undisputed,

(3) in that the conclusions are not supported by the subordinate facts, and (4) in refusing to grant the defendant's motion to dismiss the case.[1] The defendant has not briefed his second assignment of error, and it is therefore deemed to be abandoned. *Fruchtman* v. *Manning,* 156 Conn. 500, 502.

The defendant's brief and oral argument were almost entirely devoted to the discussion of the doctrine of res ipsa loquitur, and we therefore deem it necessary to make certain observations. The defendant asserts that the plaintiff did not set forth the doctrine in his complaint and therefore cannot take advantage of it. It is not necessary specifically to allege the doctrine, for if the case is a proper one for the application of the doctrine of res ipsa loquitur, the plaintiff, by pleading the particular cause of the accident, in no way loses his right to rely thereon. *Schurgast* v. *Schumann,* 156 Conn. 471, 479. The plaintiff at no time raised the doctrine, but the court in its memorandum of decision did apply the doctrine. The court subsequently made a finding but made no mention of the doctrine of res ipsa loquitur, and the memorandum of decision was not made a part of the finding. The memorandum of decision cannot be considered a record judgment. The judgment file is the only formal written statement which expresses the decision rendered. *Harris* v. *First National Bank & Trust Co.,* 139 Conn. 749, 752. The defendant claims that the court erred in stating, in the memorandum of decision, a proposition of law not pertinent to any issue in the case. As shown by the judgment and the finding, the statement had no influence on the court's conclusions. In

---

[1] As to this assignment, we presume the appellant intended the motion to be for a nonsuit upon the appellee's resting his case. The denial of a motion for a nonsuit is not appealable, nor is it assignable error. *Cinque* v. *Orlando,* 140 Conn. 591, 593; Stephenson, Conn. Civil Proc. § 146d.

addition, error cannot be predicated on an expression of opinion, in a memorandum of decision, as to the facts or the law of the cause unless the memorandum of decision is made a part of the finding. *Derby* v. *DiYanno,* 142 Conn. 708, 714. We may consult the memorandum of decision to understand the finding better, but it cannot take the place of the finding. *Gitlitz* v. *Davis,* 146 Conn. 280, 281; *Murphy* v. *Dantowitz,* 142 Conn. 320, 324. If there is a variance between the memorandum of decision and the finding, the latter will prevail. *Stults* v. *Palmer,* 141 Conn. 709, 710. The cause is to be decided on the facts found, not on those contained in the memorandum of decision.

The following facts were found by the court: On August 10, 1965, at approximately 9 p.m., the plaintiff was operating his motor vehicle in a northerly direction on Sage Park Road in the town of Windsor. As the plaintiff approached the section of the street in front of 18 Sage Park Road, he saw two cars parked on the east side of the street. The southerly parked car was a Volkswagen, and the northerly parked car was the defendant's 1965 Chevrolet. The defendant's unoccupied motor vehicle rolled from the easterly side of the street, where it had been parked earlier in the evening by the defendant, into the path of the plaintiff's motor vehicle and caused damage to the plaintiff's motor vehicle. The defendant's motor vehicle had been parked on a grassy area on the easterly side of Sage Park Road which was raised about three inches above the amesite paved portion of the street. When the plaintiff looked into the defendant's motor vehicle, after the collision, the gear was in neutral. There were no tire marks on Sage Park Road after the collision. On these facts, the court concluded that the plaintiff was not negligent and that the defendant was negligent in not putting the gear in

park position, in not properly setting his brake and in parking on an area higher than the traveled portion of the road.

The conclusions of the court must be tested by the finding, not by the evidence. The court's conclusions must prevail unless they are legally or logically inconsistent with the facts found or if they invoke the application of some erroneous rule of law material to the case. *Pigeon* v. *Hatheway,* 156 Conn. 175, 182; *Yale University* v. *Benneson,* 147 Conn. 254, 255; *Klahr* v. *Kostopoulos,* 138 Conn. 653, 655. It is clear from the finding that the court based its conclusion on all the evidence and not on the doctrine of res ipsa loquitur. The evidence goes beyond the mere proof that the plaintiff's motor vehicle was damaged. It includes evidence of the defendant's motor vehicle being parked on a slight grade, the gear being in neutral, the brake not being properly set, and the rolling of the vehicle into the path of the plaintiff. Thus, it becomes a question of whether the evidence was sufficient to justify an inference that the damage was caused by the defendant's negligence. A plaintiff may sustain the burden of proof by circumstantial evidence. Indeed, in many cases, as in this, it is the only evidence available to prove a fact material to a party's cause of action. Proof of a fact by circumstantial evidence need not be so conclusive as to exclude every other hypothesis. *Badela* v. *Karpowich,* 152 Conn. 360, 362, 363. If the evidence is sufficient to produce in the mind of the trier a reasonable belief of the probability of the existence of material facts upon which a legal recovery can be predicated, the plaintiff can recover. *Prizio* v. *Penachio,* 146 Conn. 452, 456.

A conclusion of negligence or freedom from it is, ordinarily, one of fact, and if the conclusion reached from the facts found was reasonable, the decision of

the trier is final. *Gorman* v. *American Sumatra Tobacco Corporation,* 146 Conn. 383, 386. The trier is the sole arbiter of the credibility of witnesses. *Metz* v. *Hvass Construction Co.,* 144 Conn. 535, 537. It is the privilege of the trier to adopt whatever testimony he reasonably believes credible. *Marquis* v. *Drost,* 155 Conn. 327, 330; *Grote* v. *A. C. Hine Co.,* 148 Conn. 283, 287. Upon the subordinate facts found, there was ample basis for a conclusion that the defendant's conduct constituted negligence which was the proximate cause of the collision. The conclusions are legally and logically supported by the subordinate facts found.

There is no error.

In this opinion KOSICKI and DEARINGTON, Js., concurred.