SOUTHERN NEW ENGLAND TELEPHONE COMPANY *v.* D'ADDARIO CONSTRUCTION COMPANY, INC.

APPELLATE SESSION OF THE SUPERIOR COURT

FILE No. 159

Argued February 10—decided May 7, 1976

*Peter A. Kelly,* for the appellant (plaintiff).

*Brian Gildea,* for the appellee (defendant).

PER CURIAM. In this negligence action, which was tried to a jury, the plaintiff sought to recover the cost of repairing an underground telephone cable which was damaged during the excavation operations of the defendant while it was installing storm sewers on Washington Avenue in Bridgeport. The only assignment of error[1] upon this appeal is the refusal of the trial court to set aside the verdict for the defendant as being unsupported by the evidence. In reviewing the action of the trial court on a motion to set aside a verdict, we decide only

[1] The assignment of errors and other appeal papers were filed before December 31, 1974, the effective date of Practice Book § 573 which eliminates the necessity for an assignment of errors in a jury case.

whether, on the evidence presented, the jury could have fairly reached its decision. *Rood* v. *Russo,* 161 Conn. 1, 3.

"A verdict cannot be disturbed unless it is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality." *Martino* v. *Palladino,* 143 Conn. 547, 548. "The credibility of each witness and the weight to be accorded to his testimony is for the jury and the evidence must be given the most favorable construction in support of the verdict of which it is reasonably capable." *Horvath* v. *Tontini,* 126 Conn. 462, 464. Nevertheless, although it is a rare occurrence, a verdict for a defendant, even in a negligence case, may be set aside where the jury has unreasonably disregarded certain undisputed facts. *Pappaceno* v. *Picknelly,* 135 Conn. 660, 662–63. "A jury is not at liberty to disregard evidence unless they can reasonably conclude that it is not to be credited." Ibid.

The complaint alleged negligence on the part of the defendant and its employees in carrying out the excavation which damaged the telephone cable. The trial court removed the special defense of contributory negligence from consideration by the jury for lack of sufficient evidence.

The plaintiff claims that the failure of the defendant's foreman, who was supervising the excavation involved, to follow the procedures prescribed by the plaintiff for the protection of its underground installations, where excavating work was being done, necessitates a finding of negligence on his part. Assuming that the jurors were compelled to find that those procedures were customarily followed in the industry and that the defendant or its foreman was familiar with them, we are not

aware of any legal principle declaring that a deviation from customary practice would constitute negligence as a matter of law. Custom is generally admissible as bearing on what is proper conduct under the circumstances, but it is not conclusive. 2 Harper & James, The Law of Torts § 17.3. Conforming to custom does not necessarily constitute reasonable care nor does departure from custom necessarily constitute negligence. Restatement (Second), 2 Torts § 295A, comment c.

It was undisputed that the cable was damaged when the operator of the backhoe was removing an existing manhole in the street. A mark made by an employee of the plaintiff on the pavement three or four feet from the far side of the manhole indicated the presence of a telephone cable. There was testimony that when the manhole was taken down by the backhoe the telephone cable was found to be fused or embedded within its wall. The jury might well have concluded that the line marking the location of the telephone cable was not so close to the manhole as to indicate any unreasonable danger of damaging the cable by removing the manhole. The circumstance that the cable was attached to the wall of the manhole was unusual and could not have been reasonably anticipated.

We conclude that there was sufficient evidence to support the verdict and that the trial court did not err in refusing to set it aside.

There is no error.

PARSKEY, D. SHEA, and SPONZO, Js., participated in this decision.