JANE PREISNER *v.* GARY W. ILLMAN ET AL.
(2312)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued December 7, 1983—decision released February 14, 1984

*David W. Skolnick,* with whom was *Michael Perzin,* for the appellant (plaintiff).

*Kenneth J. Mulvey, Jr.,* with whom, on the brief, was *Peter C. Dorsey,* for the appellees (defendants).

HULL, J. The plaintiff, Jane Preisner, sued the defendants, the owner and the operator of an automobile, claiming that the named defendant negligently caused a rear end collision with another automobile which the plaintiff had stopped at a stop sign on an entrance ramp to the Wilbur Cross Parkway in New Haven on July 17, 1972. The jury returned a general verdict for the defendants. The plaintiff's motion to set aside the verdict was denied by the court, *Celotto, J.* The plaintiff appeals[1] from the judgment on the verdict.

The plaintiff claims that she suffered back injuries for which she consulted an orthopedist three days after the accident. She further claims that she was treated by the orthopedist on a biweekly basis for the rest of the summer of 1972 and at least monthly for some time thereafter. She alleges that she wore a corset and had to remain in bed for a month after the accident.

From 1973 to April, 1979, the plaintiff received no medical treatment for her back. The plaintiff further claims, however, that in April, 1979, she was playing kickball as a part of her teaching duties when she bent over and could not straighten up. She had also played tennis earlier that day. She consulted her family physician the next day and a neurosurgeon six weeks later. Back surgery followed in June, 1979, and again in late 1980.

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

The defendants' answer denied the plaintiff's allegation that the named defendant's negligence caused the accident. The plaintiff relies, however, on the named defendant's testimony during cross-examination that he had acknowledged responsibility for the accident at the scene and that the plaintiff in no way contributed to the accident.

The defendants' medical expert testified that in his opinion the plaintiff's chronic back pain and eventual surgery were not caused by the accident but more likely were brought about by some sort of degenerative process. The defendants argue that there was no property damage caused by the accident. They claim that the plaintiff's activities from 1972 to 1979 and her medical history as given to her doctors in 1979 about her current back problems raised serious questions as to her credibility.

The plaintiff filed no request to charge as to liability and made no exception to the charge in this regard. Since the verdict was a general one, the jury could have found for the defendants on the plaintiff's claim for liability or damages or both. The plaintiff argues, in effect, that as a matter of law she is entitled to a verdict.

"The trial judge can sense the atmosphere of a trial and has an excellent vantage point for evaluating the factors that may have brought the jury to its verdict." *Hearl* v. *Waterbury YMCA,* 187 Conn. 1, 3, 444 A.2d 211 (1982); *Darling* v. *Burrone Bros., Inc.,* 162 Conn. 187, 200, 292 A.2d 912 (1972); see also *Kukanskis* v. *Jasut,* 169 Conn. 29, 32–33, 362 A.2d 898 (1975). The credibility and weight to be attributed to any evidence offered is solely within the province of the jury. *Riccio* v. *Abate,* 176 Conn. 415, 418, 407 A.2d 1005 (1979); *State* v. *Penland,* 174 Conn. 153, 157–58, 384 A.2d 356, cert. denied, 436 U.S. 906, 98 S. Ct. 2237, 56 L. Ed. 2d 404 (1978); see *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440

A.2d 782 (1981). The plaintiff had the burden of proving her claims by a fair preponderance of the evidence. It is the privilege of the jury to believe or disbelieve any evidence and to attribute to any evidence whatever weight it feels is merited. *Hyde* v. *Pizzuto,* 151 Conn. 701, 195 A.2d 53 (1963); *Prizio* v. *Penachio,* 146 Conn. 452, 152 A.2d 507 (1959).

"If the jury could reasonably have reached their conclusion the verdict must stand." *Novella* v. *Hartford Accident & Indemnity Co.,* 163 Conn. 552, 555, 316 A.2d 394 (1972). "The concurrence of the judgments of the judge and the jury, who saw the witnesses and heard the testimony, is a powerful argument for sustaining the action of the trial court. *Giambartolomei* v. *Rocky DeCarlo & Sons, Inc.,* 143 Conn. 468, 474, 123 A.2d 760 [1956]." *Novella* v. *Hartford Accident & Indemnity Co.,* supra, quoting *Chanosky* v. *City Building Supply Co.,* 152 Conn. 642, 643, 211 A.2d 141 (1965). "In reviewing the decision of the trial court, 'we consider the evidence in the light most favorable to the sustaining of the verdict.' " *Novella* v. *Hartford Accident & Indemnity Co.,* supra.

The plaintiff relies principally on *Pappaceno* v. *Picknelly,* 135 Conn. 660, 663, 68 A.2d 117 (1949), wherein the Supreme Court, in a 3–2 decision finding error in the trial court's denial of a motion to set aside a verdict for the defendants, concluded that the jury could not reasonably have found that the defendant bus driver was not guilty of negligence which was the proximate cause of the plaintiff's injuries. There was no claim made in that case, however, concerning the plaintiff's credibility.

We conclude that the *Pappaceno* case rests on its own facts and is not controlling here where the slight or negligible impact at the scene and the plaintiff's medical history over many years raised very substantial

questions of her credibility. This case is more properly controlled by the dissenting opinion in that case which states that "the jury may disbelieve any witness, leaving the plaintiff without the necessary preponderance of the evidence." Id., 666 (*Jennings, J.,* dissenting).

"In the last analysis, the defendants ask that this court retry the case on the evidence. We do not do this." *Giambartolomei v. Rocky DeCarlo & Sons, Inc.,* supra, 474. "We cannot retry the facts or pass upon the credibility of the witnesses." *Johnson v. Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975). "We will not permit the plaintiffs herein a second bite of the apple regarding the factual determinations of the trial court." *Jones v. Litchfield,* 1 Conn. App. 40, 42, 467 A.2d 936 (1983).

"A verdict cannot be disturbed unless it is against the evidence or its manifest injustice is so plain as to justify the belief that the jury or some of its members were influenced by ignorance, prejudice, corruption or partiality." *Martino v. Palladino,* 143 Conn. 547, 548, 123 A.2d 872 (1956). That court further stated: "In *Pappaceno v. Picknelly,* 135 Conn. 660, 68 A.2d 117 [1949], a divided court held that the plaintiff's motion to set aside a verdict for the defendants should have been granted and remanded the case to the trial court with direction to grant the motion. Under the circumstances of that case it was stated (p. 662) that '[a] jury is not at liberty to disregard evidence unless they can reasonably conclude that it is not to be credited.' Our action in that case, as the dissenting opinion pointed out, represented 'a rare occurrence.' The case at bar does not present a parallel situation. The plaintiff had the burden of proof, and the appendices of the evidence filed by the parties show a conflict of testimony on the vital facts. It was within the province of the jury to accept or to disbelieve any or all of it." Id., 549.

There is no evidence whatsoever of improper influence in this case. There was evidence before the jury that there had been a six year hiatus between the termination of medical care in 1973 and the claimed back problem in 1979, that the plaintiff was a proficient tennis player, and that the plaintiff filed for workmen's compensation[2] benefits at the school where she worked in 1979. These are merely examples of types of evidence that could have affected the plaintiff's credibility and justified the verdict for the defendants.

Finally, the plaintiff claims that since the defendants' medical expert testified that as a result of the July 17, 1972 accident, the plaintiff's "back was injured," damages must be awarded for her injuries. As stated previously, credibility of all the witnesses is for the jury to determine. Even were we to conclude that the jury could not reasonably have found for the defendants on the issue of liability, this court will not reverse and grant a new trial for the mere failure to grant nominal damages. *Rubin* v. *Rios,* 186 Conn. 754, 756, 443 A.2d 1273 (1982).

We conclude that the jury reasonably could have found a verdict for the defendants.

There is no error.

In this opinion the other judges concurred.

---

[2] In 1979, General Statutes c. 568 was entitled "Workmen's Compensation Act." The title was subsequently changed to "Workers' Compensation Act." Public Acts 1979, No. 79-376.