[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff alleges in this action that he resided in the defendant's home for about eight months and was "locked out" of the premises and not permitted to return to retrieve his personal property left on her premises. He seeks compensatory and punitive damages. Mr. Martin testified that during the period that he CT Page 8429 lived at the home of the defendant that he was separated from his wife. He denies any romantic relationship with her and maintains that he merely was a boarder at her home paying rental of approximately $100.00 to $125.00 per week. During the period he resided with the defendant, he would give her his pay check and the defendant would pay his wife her weekly alimony of $350.00, and retain the balance of $250.00 out of which she gave him lunch money and used the balance for household and other expenses. He testified as to the cost of the various item he claims were retained by the defendant when she refused to allow him back into her home, including a bedroom set which he claimed he purchased for $4100.00, while they were living under the same roof and which he claimed he used alone in his bedroom. Other than the testimony of the plaintiff no other witnesses were called on his behalf.
The defendant testified that in fact there was a romantic relationship that existed between the parties, that they slept together in the same room and on the bed that was purchased by "them" for which he seeks reimbursement.[1] Her nineteen year old daughter, Jennifer Zielinski testified that she lived in her mothers home during the period the plaintiff resided there and stated that throughout that period of time the plaintiff and defendant occupied the same bedroom and that they were romantically involved.
It is the claim of the defendant that the bedroom set was a gift as well as all of the other items which the plaintiff claims belonged to him. She further testified that she put all his clothes that he left at the premises in a bag and left them out for him to pick up. He denies this.
It is the fact finder who determines the credibility of the witnesses. Superior Wire Paper Products, Ltd v. Talcot Tool Mach., Inc. 184 Conn. 10, 18 The court finds that the defendant's testimony that the parties slept together every evening during the period he lived with her and that they were romantically involved, credible. The court does not accept the testimony of the plaintiff that he was a mere tenant or "boarder" in the defendant's home. The fact that the plaintiff turned over his weekly pay check to the defendant is but one fact that belies his testimony that he had a "platonic" relationship with the defendant. It is equally incredulous that the plaintiff would expect the court to believe that he purchased a $4,000.00 "water bed" bedroom set to place in a rented room he occupied as a CT Page 8430 "bachelor". The court accepts the credible corroborative testimony of Jennifer Zielinsky that the parties had a romantic relationship. The court finds that the plaintiffs alleged personal property his was a gift to the defendant as she testified. The plaintiff has the burden of proving his case by a fair preponderance of the evidence, Preisner v. Illman1 Conn. App. 264. The plaintiff has not sustained his burden in this case and the court therefore will render judgment in favor of the defendant.
PELLEGRINO, J.