JULIA B. JONES ET AL. *v.* TOWN OF LITCHFIELD ET AL.
(2341)

DANNEHY, C.P.J., TESTO and HULL, Js.

Argued October 4—decision released November 29, 1983

*J. Michael Sconyers,* with whom, on the brief, were *Douglas S. Levine* and *Francis M. Dooley,* for the appellants (plaintiffs).

*Joseph A. Franceski,* for the appellees (defendants).

HULL, J. As a result of a second fire that broke out shortly after the first one had been extinguished, the plaintiffs, Frank and Julia Jones, filed this suit against the defendants, the town of Litchfield and the Litchfield fire chief, George Koser, alleging wilful and wanton negligence and the creation of a nuisance by negligently creating an inherently dangerous situation.

On January 3, 1976, at approximately 3:15 a.m. in the town of Litchfield, the Litchfield Volunteer Fire Department responded with dispatch to the plaintiffs' home where a major fire had broken out. The plaintiffs were not living in the house at the time of the fire.

Under the direction of the defendant Koser and Deputy Chief Joseph Weir, the firefighters proceeded to "knock down" the blaze by extinquishing the flames. The fire was extinguished in thirty to forty minutes, after which the fire company began "overhauling" the fire scene. This involves checking for hot areas and the possibility of a reignition of some area involved. The overhaul procedure lasted until 5:55 a.m., at which time the volunteers returned to the firehouse as it was determined that there was no further danger of any rekindling of the fire. A fire watch is generally posted only where arson is suspected or where there is a fear that the fire will be likely to rekindle. After an overhaul that lasted approximately one and one half hours, Chief Koser and Deputy Chief Weir determined that a fire watch was not necessary.

At approximately 7 a.m. the same morning, the volunteer firemen were recalled to the plaintiffs' home where it took no more than two or three minutes to extinguish a small second fire. Members of the fire company then remained at the scene until 8:30 a.m.

The plaintiffs claimed that there was further damage to the residence caused by the failure to post a fire watch and to ensure that the first fire had been completely and properly extinguished. The court held that the plaintiffs failed to sustain their burden of proof regarding the allegations of wilful and wanton negligence and as to negligence in creating an inherently dangerous condition amounting to a nuisance. The court further found that the plaintiffs failed to prove that they sustained any damages as a result of the sec-

ond fire. On the basis of the evidence presented at trial, therefore, the plaintiffs established neither liability nor damages.

The plaintiffs appeal to this court[1] claiming that the trial court's finding that the defendant Koser's conduct did not amount to wilful and wanton negligence was clearly erroneous. The plaintiffs also allege that the trial court erred in failing to find that the defendant Koser's actions negligently created a nuisance by creating an inherently dangerous condition. Finally, the plaintiffs claim that refusing to permit the plaintiffs to testify regarding the extent of damages attributable to the second fire was error.

This appeal is merely an attempt to retry the facts and to have the Appellate Court substitute its finite view of the facts for the factual determinations of the trial court. This court will not reverse the decision of the trial court unless it is found to be "clearly erroneous in light of the evidence and the pleadings in the record as a whole." *Damora* v. *Christ-Janer,* 184 Conn. 109, 113, 441 A.2d 61 (1981); *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221, 435 A.2d 24 (1980); see Practice Book § 3060D. The factual conclusions of the trial court "must stand unless they are legally and logically inconsistent with the facts found." *State* v. *Lasher,* 190 Conn. 259, 267, 460 A.2d 970 (1983). Weighing the evidence is the function of the trier of fact and this court will not usurp that role. *Gallo* v. *Gallo,* 184 Conn. 36, 38, 440 A.2d 782 (1981).

We will not permit the plaintiffs herein a second bite of the apple regarding the factual determinations of the trial court. Upon review, we find no error in the trial court's conclusion that the plaintiffs failed to sustain their burden of proof with respect to the allega-

---

[1] This appeal, originally filed in the Supreme Court, was transferred to this court. Public Acts, Spec. Sess., June, 1983, No. 83-29, § 2 (c).

tions of wilful negligence and creating a nuisance by creating an inherently dangerous condition. In view of this conclusion, it is unnecessary to consider the issues raised by the plaintiffs concerning damages.

There is no error.

In this opinion the other judges concurred.