## DANIEL SAGER *v.* GAB BUSINESS SERVICES, INC., ET AL.
## (5058)

HULL, SPALLONE and BIELUCH, Js.

Argued March 11—decision released August 4, 1987

*Lucas D. Strunk,* with whom, on the brief, was *Michael J. O'Sullivan,* for the appellant (named defendant).

*James J. Giulietti,* for the appellee (plaintiff).

BIELUCH, J. The defendant[1] appeals from the judgment of the compensation review division dismissing its appeal as untimely under the regulations of Connecticut state agencies § 31-301-2. The defendant claims

---

[1] This action was brought against the named defendant and Twin Cities Insurance Company. At oral argument before this court, counsel confirmed that this appeal is brought on behalf of the named defendant only. As used in this opinion, therefore, the term defendant refers to GAB Business Services, Inc.

that the compensation review division (1) deprived it of due process of law, (2) exceeded its statutory authority, (3) erred in its interpretation of § 31-301-2 of the regulations, and (4) acted illegally, therefore rendering its decision void and of no effect, because it failed to adopt regulations on the dismissal of appeals despite a statutory directive to do so.

The facts are not in dispute. The plaintiff filed a workers' compensation claim which was contested by his employer, the defendant. After a hearing before the workers' compensation commissioner, a finding was made that the plaintiff had suffered a compensable injury and an award was rendered on November 12, 1985.

On November 18, 1985, the defendant appealed to the compensation review division from the commissioner's finding and award. See General Statutes § 31-301. On that same date, a motion to extend the time to file a motion to correct the finding was filed. See Regs., Conn. State Agencies § 31-301-4. This motion was granted. Thereafter, on December 4, 1985, the defendant filed its motion to correct the finding and award. This motion was denied on December 5, 1985.

On December 16, 1985, the defendant filed its reasons of appeal. See Regs., Conn. State Agencies § 31-301-2. On the same day,[2] the plaintiff moved to dismiss the appeal, citing the defendant's failure to file its reasons of appeal within ten days of its filing of the appeal petition. See Regs., Conn. State Agencies § 31-301-2. After submission of briefs and argument by counsel, the review division on April 9, 1986, granted the plaintiff's motion and dismissed the appeal for lack of compliance with § 31-301-2 of the administrative regulations. The defendant has appealed from that dismissal.

[2] From our review of the plaintiff's motion to dismiss as it appears in the record, we note that it was dated by the plaintiff, December 12, 1985, and received by the review division on Monday, December 16, 1985.

The defendant's first claim is that the action of the review division in dismissing the appeal deprived it of due process of law as guaranteed by the federal and state constitutions. See U.S. Const., amend. XIV; Conn. Const., art. I, § 8. "[T]he due process clauses of the state and federal constitutions require that one subject to significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard." *Counsel on Probate Judicial Conduct re: James H. Kinsella,* 193 Conn. 180, 207, 476 A.2d 1041 (1984). The plaintiff argues that the defendant's rights were not violated, and that its due process rights were satisfied at the proceeding before the commissioner. He also argues that the defendant's right to appeal under General Statutes § 31-301 is not constitutional, but purely statutory,[3] and that the dismissal of its appeal for failure to file reasons of appeal does not infringe upon the defendant's due process rights.

Because we find that this appeal may be decided upon statutory grounds, we decline to address the defendant's constitutional claim. "An appellate court 'will not pass upon a constitutional question if there is present some other ground upon which the case may be decided.' *Hartford* v. *Powers,* 183 Conn. 76, 84–85, 438 A.2d 824 (1981)." *In re Carl O.,* 10 Conn. App. 428, 438, 523 A.2d 1339, cert. denied, 204 Conn. 802, 525 A.2d 964 (1987). We find such other ground in the defendant's second claim of error.[4]

---

[3] In support of his argument, the plaintiff relies upon the following authorities. "The state may prescribe rules as to appellate procedure. And no violation of constitutional law is involved in a court's insistence that a statutory right of appeal be exercised according to the lawful rules of the court." 16A Am. Jur. 2d 1082, Constitutional Law § 859. "The right of appeal to a reviewing administrative agency is purely statutory and all applicable statutory requirements must be complied with to sustain such appeal." 2 Am. Jur. 2d, Administrative Law § 543.

[4] The defendant's claims of error numbered two through four challenge the review division's dismissal of the appeal as violative of General Stat-

The defendant's second claim is that the review division's dismissal of the appeal exceeded its statutory authority set forth in General Statutes § 31-301. Section 31-301 (a) provides in relevant part that "[t]he procedure in appealing from an award of the compensation commissioner *shall be the same as the procedure employed in an appeal from the superior court to the supreme court,* where applicable. Acting together as a compensation review division, the commissioners shall adopt regulations in accordance with the provisions of chapter 54 [the Uniform Administrative Procedure Act (UAPA)] to establish rules, methods of procedure and forms as they deem expedient for the purposes of this chapter." (Emphasis added.)

Pursuant to General Statutes § 4-168, which is a provision of the UAPA, the commissioners promulgated regulations §§ 31-301-1 through 31-301-11. These regulations establish rules for appeal from a commissioner's decision to the review division. These provisions, however, are not comprehensive and do not adequately address the procedure followed in this appeal.

Section 31-301-2 of the regulations, entitled "Reasons of Appeal," provides in relevant part that "[w]ithin ten days after the filing of the appeal petition, the appellant shall file with the compensation review division his reasons of appeal." The regulations, however, do not provide that a failure to file timely the reasons of appeal mandates dismissal. While the statute fails to provide in express terms for the dismissal of an appeal, a dismissal is authorized by the provision in § 31-301 (a) that "[t]he procedure in appealing from an award of the compensation commissioner shall be the same as the procedure employed in an appeal from the superior

utes § 31-301. Rather than discussing each of these claims separately, we have considered them in our discussion of the defendant's second claim of error.

court to the supreme court, where applicable." General Statutes § 31-301 (a) controls the manner and the means for dismissal of an appeal to the review division. The Supreme Court rules, therefore, govern the dismissal of an appeal by the review division until and unless the workers' compensation commissioners promulgate their own rules of procedure for dismissal of appeals in accordance with the UAPA.

In evaluating whether the dismissal rendered against the defendant was in accordance with the rules of practice governing an appeal from the Superior Court, we find that the reasons of appeal required by § 31-301-2 of the state agency regulations serve an identical function as a preliminary statement of issues. See Practice Book § 4013 (a) (1); Regs., Conn. State Agencies § 31-301-2. Where an appellant fails to file timely a preliminary statement of issues as required by Practice Book § 4013 (a) (1), the appeal is voidable. The appellee may then move to dismiss the appeal in accordance with Practice Book § 4056, which provides in relevant part that where a motion to dismiss an appeal is based upon the "failure to file papers within the time allowed," such motion shall be filed within ten days after the time when such paper was required to be filed. Where an appellee fails to move for dismissal within the ten day period, the motion to dismiss comes too late and the defect is deemed waived. See *LaReau* v. *Reincke*, 158 Conn. 486, 493–94, 264 A.2d 576 (1969); *Tamarit* v. *Ottolini*, 145 Conn. 586, 589, 145 A.2d 587 (1958); *Sorteberg Controls Corporation* v. *Field*, 2 Conn. App. 413, 415 n.3, 478 A.2d 1051, cert. denied, 194 Conn. 806, 482 A.2d 711 (1984).[5]

---

[5] The plaintiff states that where a time limitation is provided by statute, failure to comply with such time requirement warrants dismissal and is not subject to a waiver. We acknowledge that only when a time limitation is jurisdictional or substantive does failure to meet such limitation warrant dismissal and is not subject to waiver. *Zoning Board of Appeals* v. *Freedom of Information Commission*, 198 Conn. 498, 503–504, 503 A.2d 1161

Applying the rules of practice for appeals from the Superior Court to the present case, we find that the plaintiff did not make a timely objection to the defendant's failure to file its reasons of appeal within ten days.[6] The motion to dismiss, therefore, came too late and would not warrant dismissal under Practice Book § 4056. Because we find that the rules of practice governing appeals from the Superior Court do not warrant the dismissal of the defendant's appeal, we likewise find that the review division's use of Regulation § 31-301-2 to dismiss the appeal for late filing of reasons of appeal was in excess of the review division's statutory authority as set forth in General Statutes § 31-301.[7] For that reason, we hold that the review division erred in dismissing the defendant's appeal.[8]

(1986). The time limitation before us is procedural, and not jurisdictional or substantive in nature, and does not mandate the dismissal of an appeal to the review division for failure to file reasons of appeal as provided in § 31-301-2 of the regulations of Connecticut state agencies.

[6] The record demonstrates that the defendant's appeal was filed on November 18, 1985, and under § 31-301-2 of the regulations of Connecticut state agencies it was obliged to file its reasons of appeal on November 28, 1985. Although the plaintiff's motion to dismiss was required to be filed on December 9, 1985, the tenth day being a Sunday; see Practice Book § 4056; it was not filed until December 16, 1985, one week late.

[7] At oral argument before this court, the question arose whether the filing of a motion to correct tolls the period for filing an appeal from the commissioner's decision. See *Foley* v. *City of New Britain*, 1 Conn. Workers' Comp. Review Opinions 147, 150 (1982) (motion to correct analogous to motion to set aside a verdict); Practice Book § 4009 (motion to set aside verdict tolls time period for taking of an appeal). This inquiry was not formally raised by the parties in their presentation of this appeal. Therefore, we indicate no opinion at this time on this belated question. We note that the defendant's appeal to the review division was filed in conformity with the regulations of Connecticut state agencies § 31-301-1.

[8] While we find error and, therefore, hold that the defendant's appeal is to be reinstated, the issue still remains whether the defendant may amend its reasons of appeal to include the court's denial of its motion to correct. Although we note that the regulations of Connecticut state agencies do not provide for such an amendment, the review division has the power to grant such a request under General Statutes § 31-301 and Practice Book § 4013 (c).

There is error, the decision of the compensation review division dismissing the defendant's appeal is set aside, and the case is remanded for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.