[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
This action is entitled "complaint/appeal." It alleges that Brian Mosely, executor of the Estate of Leila Mosely, retained the defendant to represent the estate in a wrongful death action based on the death of Leila Mosely. Subsequently this case was transferred by Mr. Mosely to the plaintiff attorney. Attorney Dobrowolski claimed to have had a fee agreement with Attorney Beizer regarding this matter and pursuant to that agreement made a demand for payment of his fee.
The complaint alleges the defendant. "included in the requested fee a sum which was allocated to probate work" in the previously mentioned estate. The fee not having been paid, the defendant attorney sued the plaintiff attorney in small claims court. The complaint says a "hearing was held on March 1, 1993" where the parties were present and the magistrate rendered a decision in favor of the defendant for attorney's fees, plus costs. The complaint further alleges that a portion of the magistrate's order "was allocated to the probate work performed by defendant attorney."
Attorney Beizer, the plaintiff appellant in this action, now purports to appeal the small claims judgment on two basic grounds: (1) He claims any action relevant to attorney's fees for probate work performed should be brought against the administrator. Mosely, as administrator, was an indispensable party. Although he brought this to the magistrate's attention, the magistrate over his objection proceeded on the merits despite the absence of a necessary party Mosely, (2) the second reason for appeal notes that the small claims action commenced on September 16, 1991 and the plaintiff CT Page 1341 claims that a civil action was commenced on February 25, 1992 by plaintiff against the defendant in the Hartford J.D. "arising out of the same facts." On March 30, 1992 Judge Hammer stayed the small claims action but on April 27, 1992 Judge Allen granted the defendant's motion to transfer the Hartford case to New Haven. Judge Gray then lifted the stay on the small claims case and it proceeded to trial as noted on March 1, 1993. Having cited all these facts, the plaintiff again repeats his claim that the small claims court lacked subject matter jurisdiction to hear the case because of the lack of necessary and indispensable party in Mosely. The plaintiff appellants (Mosely and Beizer who brought the action) request a hearing de novo "so that the issues appealed herein maybe fairly heard on the merits." The return date of the "complaint/appeal" is September 7, 1993.
The defendant has filed a motion to dismiss claiming this court has no subject matter jurisdiction. He claims no appeal can be taken from a small claims judgment, that the only remedy that is available to a losing party in a small claims action is a proper and timely writ of error, or the filing of a motion to open judgment pursuant to section 584 P.B.
The parties have made several acrimonious charges against each other regarding the facts of this case and the history of prior proceedings and actions of counsel in this matter. The court will decide this matter solely on the legal issues presented and finds no need to join the unfortunate accusatory fray that characterizes the history of this case. The court does not believe an evidentiary hearing is necessary, Bradley's Appeal from Probate, 19 Conn. App. 456, 461, 466-467
(1989). The jurisdictional question can be decided by reference to facts that are apparent on the record.
This matter is clearly an appeal from a small claims judgment although it is labeled a "complaint/appeal." The "reasons for appeal are set out in a numbered paragraph and the relief requested is a hearing de novo.
To focus the issues before the court, reference will be made to the complaint. Paragraph 7 alleges that Attorney Dobrowolsky "included in the requested fee a sum which was allocated to probate work" in the estate. Also, paragraph 11 asserts Brian Mosely was the administrator of the estate. It goes on to state that "any action or proceeding relevant to CT Page 1342 attorney's fees for probate work performed should be brought against the administrator." The stay should not have been lifted allowing the small claims matter to go forward and all in all the small claims court did not have subject matter jurisdiction because of the lack of a necessary party, Mr. Brian Mosely.
It can be deduced from the complaint that Mr. Mosely was not a party of record in the small claims action and the judgment in that court was ordered to be paid by the individual defendant Beizer to the plaintiff Dobrowolski. Although the complaint alleges a portion of the order concerning payment "was allocated to the probate work performed by" Dobrowolski, this is a legal characterization claimed by the defendant but does not alter the fact that the complaint admits that the small claims judgment ran against an individual Attorney Beizer.
Section 51-197a explicitly says: "Appeals from final judgments or actions of the superior court shall be taken to the appellate court . . . except for small claims which are not appealable." The courts have enforced similar legislative restrictions, Woodrull v. Chapin, 83 Conn. 330, 331 (1910), Newington v. Mazzoccoli, 133 Conn. 146, 153 (1946) cited by the appellant is not on point; the court merely read two statutes together and held the conclusivity language of one statute regarding the actions of a board "did not preclude a review of the action of the board under another statute a general right of appeal from its decision.
It is explicitly stated in our rules that judgments and decisions rendered in small claims court are final and conclusive on the parties, P.B. 581.
P.B. 584 gives the small claims court itself power to vacate any judgment for appropriate and stated reasons within four months of its having been rendered.
A writ of error is available to the Supreme Court but apparently only to review the action of the small claims court in refusing to transfer a case to the regular session of Superior Court on motion, Cannavo Enterprises, Inc. v. Burns,194 Conn. 43, 48 (1984), Burns v. Bennet, 220 Conn. 162, 164
(1991), also see P.B. 4143(b)(2). In fact the implication is fairly explicit in Burns v. Bennett, id at page 165, that the CT Page 1343 writ of error can only be used for that limited purpose and not to test a final judgment on the merits rendered in the small claims court.
There is no claim that Attorney Beizer was prevented from filing a P.B. 584 motion or that in fact a motion to transfer was filed pursuant to Section 572 of the Practice Book. There is no claim that a writ of error was filed. All of these factors and the cases and practice book sections cited provide a basis to grant the motion to dismiss.
The appellant Beizer, however, and Brian Mosley whom the complaint styles as a necessary party raise other issues which they claim entitle them to ask that an appeal should lie from the small claims judgment and that a de novo hearing be granted.
A broad due process claim is made that one subject to a significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard. Council on Probate Judicial Conduct re James Kinsella,193 Conn. 180, 207, Sager v. GAB Business Services, Inc.,11 Conn. App. 693, 695 (1987). But nothing in state or federal due process standards casts any question on the legality of the finality of small claims judgments heard on the merits. The complaint/appeal indicates at paragraph 11(A)(5) that Attorney Beizer, in fact argued that the matter could not proceed without Mosely as a necessary party. Prior to even getting to the merits a motion to transfer the case to the regular docket could have been made and case law, as indicated, would have given Beizer a right to file a writ of error if the transfer was inappropriately denied. Absent a claim that such a motion was even filed, denied, or that a writ was filed in the Supreme Court regarding an adverse ruling on such a motion, any litigant in small claims must be taken to have consented to "the general purpose of the these (small claims) rules (in order) to secure the prompt and inexpensive hearing and determination of small claims by simplified procedure", P.B. 547. Also such a litigant must be taken to have consented to the necessary corollary to the achievement of the aforementioned purpose — finality of decisions on the merits. Any due process concerns are further laid to rest by the availability of the motion to vacate procedure under Section 584 of the Practice Book. CT Page 1344
Both parties spend much time on interesting res judicata questions and discuss several cases. None of that discussion is germane to any issue before the court on the jurisdictional question raised by the motion to dismiss. Whether the appellant Beizer is now precluded from bringing a new and separate action on any claims arising out of this transaction against the appellee, Dobrowolski is not before the court. The question before the court is whether the judgment entered against the appellant Beizer for money damages and costs can be appealed. Given the purposes of the small claims statutory scheme and especially the right of defendants to move to transfer to the regular docket, the acceptance of the appellants' argument for the grounds he states — denial of a right to bring counter-claims — would in effect emasculate the finality provision of P.B. 584.
The appellant Beizer also argues that he was "defaulted" because he was prevented from bringing his counterclaims. He cites New Milford Block Company v. Ericson, 3 Conn. Cir. 1 (1964). But what Attorney Beizer is appealing from is the money judgment against him that claim was heard on the merits; judgment was not entered by way of default, see paragraphs 8 and 9 of the complaint. In New Milford Block Company a default judgment was rendered against the plaintiff by default in a previous small claims action. In a new suit brought on the same claim the appellate division of circuit court relying on Section 52-592 (accidental failure of suit statute) ruled that the default judgment could not be pleaded as res judicata in the present or new suit and the finality provisions of the small claims act did not prevent the new suit. This appeal however although it seeks a new hearing is not a new or separate suit but seeks to appeal from the judgment entered in small claims for a specific monetary amount. Perhaps more to the point this court agrees with the reasoning of Moller Horton in Connecticut Practice, Vol 1. commentary in supplement on Section 581 P.B. The viability of New Milford Block Company is open to question in light of Cannavo Enterprises, Inc. v. Burns, 194 Conn. at page 48 which holds that a small claims default judgment is a final judgment. The claim that Mr. Mosely was "defaulted" and thus is somehow entitled to appeal the judgment against Beizer also is not supportable. Paragraphs 4 and 9 of the complaint make clear that Dobroworski [Dobrowolski] sought certain fees from Beizer personally and judgment in the former's favor ran against Attorney Beizer not the estate or Mr. Mosely in his CT Page 1345 representative capacity. Attorney Beizer's argument made in small claims and in this complaint that Dobrowolski's claim for fees arose out of probate work and should have been brought against the administrator Mosely is merely a defense that Beizer could have raised and did raise in small claims court in the action against Beizer personally. That does not make Mosely a "necessary party" having anything to do with the judgment against Beizer, nor does it give him broad, undefined due process rights to bring an appeal from a judgment entered against Attorney Beizer personally. Thus, this is not a case where a claim is being made that the judgment is void ab initio because the court lacked subject matter jurisdiction or jurisdiction over a party against whom judgment was entered. Collateral or direct attack against the judgment would be permitted in such a case. Misinonile v. Misinonile, 190 Conn. 132,135 (1983), Broaca v. Broaca, 181 Conn. 463, 467, Bartels International Commodities Corporation, 435 F. Sup. 865, 867
(D. Conn. 1977), Martin v. Hunter's Lessee, 14 U.S. (1 Wheat) 304, 364 (1816), cf Conn. Mutual Life Ins Co. v. Roger,113 Conn. 14, 17 (1931). Query whether even in such a situation if the remedy would be writ of error instead of a purported complaint/appeal to the superior court?
The appeal should be dismissed.
Corradino, J.