CITY OF MIDDLETOWN *v.* WILLIAM
VON MAHLAND ET AL.
(12277)

LAVERY, LANDAU and SCHALLER, Js.

---

[17] Commission to Revise the Criminal Statutes, General Comments, Connecticut General Statutes (1971), pp. 38–39.

Argued February 16—decision released June 21, 1994

*Beth Z. Margulies,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (defendant state board of mediation and arbitration).

*Richard A. Roberts,* with whom, on the brief, was *Karen T. Gerber,* for the appellee (defendant William von Mahland).

*Trina A. Solecki,* for the city of Middletown (plaintiff).

*Albert J. McGrail,* for George Lapadula (defendant).

LANDAU, J. The defendant state board of mediation and arbitration (arbitration board)[1] appeals from the trial court's judgment granting the motion by the plaintiff city of Middletown to compel the named defendant, William von Mahland, to testify as a witness in the underlying arbitration proceeding.[2] The arbitration board claims that the trial court improperly (1) held that a subpoenaed witness had a due process right to have his attorney present during his testimony in an arbitration proceeding, (2) ruled in violation of § 31-91-34 (a) of the Regulations of Connecticut State Agencies,[3] and (3) ruled in violation of General Statutes § 1-21g (a).[4]

The following facts are relevant to this appeal. On May 23, 1990, von Mahland, chairman of the Middletown inland wetlands and watercourses commission (commission), mailed a letter to Paul Gionfriddo, then mayor of Middletown, regarding the work performance

[1] The defendants in this action are the arbitration board, William von Mahland and George Lapadula.

[2] The underlying arbitration proceeding is currently pending before the board of mediation and arbitration of the state labor department.

[3] Section 31-91-34 (a) of the Regulations of Connecticut State Agencies provides: "Persons having a direct interest in the arbitration proceedings are entitled to attend the hearings. It shall be discretionary with the chairman and subject to the agreement of all parties whether any other persons may attend."

[4] General Statutes § 1-21g (a) provides: "At an executive session of a public agency, attendance shall be limited to members of said body and persons invited by said body to present testimony or opinion pertinent to matters before said body provided that such persons' attendance shall be limited to the period for which their presence is necessary to present such testimony or opinion and, provided further, that the minutes of such executive session shall disclose all persons who are in attendance except job applicants who attend for the purpose of being interviewed by such agency."

of George Lapadula, the enforcement officer for the commission. As a result of the correspondence, Gionfriddo suspended Lapadula for ten days. Lapadula appealed his suspension to the arbitration board pursuant to a collective bargaining agreement between the city of Middletown and Lapadula's union, Middletown Managers Professional Association. Subsequently, Lapadula filed a civil suit against von Mahland alleging libel because of the contents of von Mahland's letter.[5]

von Mahland was subpoenaed to appear and testify at Lapadula's suspension hearing scheduled for September 10, 1992. At the hearing, the union, on behalf of Lapadula, objected to the presence of von Mahland's attorney, Richard Roberts.[6] The arbitration board sustained the objection, and Roberts was ordered to leave the hearing pursuant to § 31-91-34 (a) of the Regulations of Connecticut State Agencies. von Mahland refused to testify unless his attorney was present. The city filed an application in Superior Court requesting an order to compel von Mahland to comply with the subpoena to testify at a new arbitration hearing. After a hearing, the court granted the city's application for an order to compel compliance with the administrative subpoena pursuant to General Statutes § 52-412,[7] rul-

---

[5] The defamation suit is no longer pending; the suit has been resolved in favor of von Mahland by way of summary judgment. A second suit, arising out of the same set of facts, in which von Mahland is named a defendant, was filed by Lapadula and is pending in Middletown Superior Court. The complaint in the pending case alleges civil rights violations, various violations of constitutional provisions and fraudulent interference with a contract.

[6] Roberts has filed an appearance to represent von Mahland in the pending civil matters.

[7] General Statutes § 52-412 provides: "(a) Any arbitrator or umpire and any other persons qualified by law to issue subpoenas in civil actions shall have power to issue subpoenas for the attendance of witnesses and for the production of books, papers and other evidence at arbitration hearings. The

ing that the defendant was "entitled [as a matter of due process] to the presence of his counsel at the administrative hearing, with a reasonable opportunity for consultation which will not interfere or cause disruption of the administrative hearing." The arbitration board is appealing this ruling.

As a threshold matter, we conclude that an order granting a request to compel testimony pursuant to General Statutes § 52-412 is an appealable interlocutory order[8] because it satisfies the final judgment test set forth in *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983). Pursuant to *Curcio,* an interlocutory order is appealable under two circumstances: "(1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." Id. The trial court's decision concluded a separate and distinct proceeding because it terminated the sole proceeding in that court, i.e., the application to compel the testimony of von Mahland. See *Lougee* v. *Grinnell,* 216 Conn. 483, 487, 582 A.2d 456

subpoenas shall be served in the manner provided by law for the service of subpoenas in a civil action and shall be returnable to the arbitrator or arbitrators or umpire.

"(b) On application of an arbitrator, umpire or other person, the superior court for the judicial district in which one of the parties resides or, in the case of land, for the judicial district in which the land is situated or, when the court is not in session, any judge thereof, shall order necessary process to issue to compel compliance with subpoenas in an arbitration matter in the manner provided by law concerning subpoenas in a civil action.

"(c) Any party to a written agreement for arbitration may make application to the superior court, or, when the court is not in session, to a judge thereof, having jurisdiction as provided in subsection (b), for an order directing the taking of depositions, in the manner and for the reasons prescribed by law for taking depositions to be used in a civil action, for use as evidence in an arbitration."

[8] The final judgment in an arbitration proceeding is ordinarily an order of the trial court modifying, vacating or confirming the arbitrator's award. Because the parties are still in the midst of arbitration, the trial court's order granting the motion to compel is interlocutory.

(1990); *Commissioner of Health Services* v. *Kadish,* 17 Conn. App. 577, 578 n.1, 554 A.2d 1097 (1989). No further proceedings that will affect the rights of the parties can occur. Had the trial court denied von Mahland the right to have his attorney present, and had von Mahland appealed, the trial court's order would not constitute a final judgment. The witness must wait to be found in contempt to appeal. *Barbato* v. *J. & M. Corp.,* 194 Conn. 245, 249, 478 A.2d 1020 (1984). The trial court's ruling, however, permitted von Mahland to appear with counsel. von Mahland will then testify and no sanctions will follow. Thus, the issue presented is an appealable final judgment.

I

The arbitration board first challenges the trial court's ruling that von Mahland, because of his status as a defendant in a pending related defamation action and his right to a fair trial therein, had a due process right to have counsel present during his testimony at the arbitration hearing. The trial court, it claims, improperly applied only the test of *Mathews* v. *Eldridge,* 424 U.S. 319, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976).[9] The arbitration board argues that the trial court did not go far enough by just balancing the factors set out in *Mathews;* after a *Mathews* balancing analysis, it was required to weigh the result against the presumption that there is no right to counsel unless the litigant is faced with the risk of loss of liberty, such as incarceration. The arbitration board relies on *Lassiter* v. *Dept. of Social Ser-*

---

[9] In *Mathews* v. *Eldridge,* supra, 424 U.S. 335, the court stated that the "specific dictates of due process generally [require] consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

*vices,* 452 U.S. 18, 101 S. Ct. 2153, 68 L. Ed. 2d 640 (1981), and *Lavertue* v. *Niman,* 196 Conn. 403, 493 A.2d 213 (1985). This reliance is misplaced. The United States Supreme Court in *Lassiter* held that an indigent litigant did not have the right to court-appointed counsel in a termination of parental rights case. In *Lavertue* v. *Niman,* supra, 403, the court addressed whether an indigent litigant had a right to court-appointed counsel in the unique configuration of a paternity action. The case presented on appeal involves neither an indigent defendant nor a request for appointed counsel. Rather, it concerns the scope of due process in the context of an individual's right to a fair trial.

The arbitration board next argues that von Mahland did not have a due process right to assistance of counsel in either the defamation case or the arbitration hearing under the sixth and fourteenth amendments. von Mahland claims that the due process right of assistance of counsel is not the issue presented in this appeal. He claims that the issue is whether, under the fifth and fourteenth amendments, his due process right to a fair trial in a separate defamation suit extends to a related arbitration proceeding, at which he has been compelled to testify by subpoena, because his testimony might affect a recognizable property interest. We agree with von Mahland.

We acknowledge that this is an unusual situation that presents this court with a question not previously decided. Our conclusion, however, is hardly a novel one. The fourteenth amendment to the United States constitution provides in part that the " '[s]tate [shall not] deprive any person of life, liberty, or property, without due process of law . . . .' " *Tedesco* v. *Stamford,* 222 Conn. 233, 241, 610 A.2d 574 (1992). "[A] state may not, consistent with due process of law, create the conditions that will strip an individual of an interest protected

under the due process clause." *In re Valerie D.*, 223 Conn. 492, 534, 613 A.2d 748 (1992).

"Due process analysis begins with the identification of the life, liberty or property interest at stake." *State* v. *Campbell,* 224 Conn. 168, 181, 617 A.2d 889 (1992), cert. denied, U.S. , 113 S. Ct. 2365, 124 L. Ed. 2d 271 (1993). " 'Once it is determined that due process applies, the question remains what process is due.' *Morrissey* v. *Brewer,* [408 U.S. 471, 481, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1992)]." *Bartlett* v. *Krause,* 209 Conn. 352, 369, 551 A.2d 710 (1988).

"Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." (Internal quotation marks omitted.) *State* v. *Campbell,* supra, 224 Conn. 182. The United States Supreme Court has held in *Logan* v. *Zimmerman Brush Co.,* 455 U.S. 422, 429, 102 S. Ct. 1148, 71 L. Ed. 2d 265 (1982), that "the Due Process Clauses protect civil litigants who seek recourse in the courts, either as defendants hoping to protect their property or as plaintiffs attempting to redress grievances. . . . [T]he Fourteenth Amendment's Due Process Clause has been interpreted as preventing the States from denying *potential* litigants use of established adjudicatory procedures . . . ." (Emphasis added.) In *Goldberg* v. *Kelly,* 397 U.S. 254, 270, 90 S. Ct. 1011, 25 L. Ed. 2d 287 (1970), the United States Supreme Court recognized the severe disadvantage that an unrepresented litigant would face without attorney representation: "We do not say that counsel must be provided at the [welfare benefit] pretermination hearing, but only that the recipient must be allowed to retain an attorney if he so desires." We conclude that von Mahland has a constitutionally protected property interest derived from the due process clause in defending the defamation action.

The issue then is whether von Mahland would have been deprived of his property right without due process of law if he was required to testify without the presence of his attorney. " '[T]he due process clauses of the state and federal constitutions require that one subject to significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard.' *Counsel on Probate Judicial Conduct re: James H. Kinsella,* 193 Conn. 180, 207, 476 A.2d 1041 (1984); *Sager* v. *GAB Business Services, Inc.,* 11 Conn. App. 693, 695, 529 A.2d 226 (1987). We note, however, that '[d]ue process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstances. *Cafeteria Workers* v. *McElroy,* 367 U.S. 886, 895 [81 S. Ct. 1743, 6 L. Ed. 2d 1230] (1961). [D]ue process is flexible and calls for such procedural protections as the particular situation demands. *Morrissey* v. *Brewer,* [supra, 408 U.S. 481]. Accordingly, resolution of the issue whether the [grievance] procedures provided here are constitutionally sufficient requires analysis of the governmental and private interests that are affected.' (Internal quotation marks omitted.) *Mathews* v. *Eldridge,* [supra, 424 U.S. 334] . . . .

"In *Mathews* v. *Eldridge,* supra, [424 U.S.] 335, the court stated that the 'specific dictates of due process generally [require] consideration of three distinct factors: First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.' " *Tedesco* v. *Stamford,* supra, 222 Conn. 242–43.

von Mahland was subpoenaed to testify in an arbitration hearing that would address Lapadula's suspension. The suspension resulted from a letter written by von Mahland, in his capacity as chairman of the Middletown inland wetlands and watercourses commission, and mailed to the mayor of Middletown. On the basis of von Mahland's letter, Lapadula commenced a separate action against von Mahland, alleging libel. The letter is both the subject of the grievance hearing that addresses Lapadula's suspension and the basis of the allegations of libel against von Mahland. When von Mahland requests that his attorney be present at the suspension hearing, he seeks to protect a recognizable property interest. In not permitting von Mahland to have his attorney present during his testimony in the related arbitration hearing, the state would be denying him the ability to obtain a fair trial in defense of the defamation suit, a significant private interest.

The trial court appreciated the risk of error that would result from von Mahland's inability to defend fully and fairly the allegation of libel if Lapadula were allowed to elicit his subpoenaed testimony. At the arbitration hearing, von Mahland would be cross-examined by the same attorney who is representing Lapadula in the pending civil matter. The exclusion of von Mahland's attorney from the proceeding would create a potentially damaging predicament that would require some substitute or additional procedural protection—in this case, the opportunity to consult with his attorney.

The trial court was cognizant of the governmental interests including the functions involved and the administrative and fiscal burdens that could have resulted from the employment of additional safeguards. We conclude, as the trial court did, that while the state has a legitimate interest in the orderly resolution of labor disputes, and in conducting hearings that are closed to third parties, neither concern outweighed the

necessity of preserving the defendant's right to a fair trial. We are convinced, upon our own review,[10] that the trial court correctly balanced the interests of the litigants and third parties involved in determining that von Mahland was entitled to appear with counsel and to have a reasonable opportunity for consultation that would not interfere with or cause disruption of the state's administrative hearing.[11]

The arbitration board cites *In re Groban,* 352 U.S. 330, 77 S. Ct. 510, 1 L. Ed. 2d 376 (1957), for the proposition that a witness in an administrative investigatory proceeding has no due process right to the presence of counsel. In *Groban,* the court was faced with a setting distinguishable from the one here. A fire marshall initiated an administrative investigation "solely to elicit facts relating to the causes and circumstances of the fire." Id., 332. The appellants claimed a due process right to have their attorneys present during their subpoenaed testimony, and the court denied that any right existed. The court recognized that even though the "appellants were under a legal duty to speak and their testimony *might* provide a basis for criminal charges against them"; (emphasis added) id., 332; this did not provide the basis of a constitutional right to the assistance of counsel. The appellants in *Groban* had neither a property right nor a liberty right that would have entitled them to have their attorneys present at the investigative hearing. The fact that there was a *possi-*

---

[10] The question of whether an individual has a property interest is normally a matter of law for the trial court, thus subject to our de novo review on appeal. *Carr* v. *Bridgewater,* 224 Conn. 44, 54, 616 A.2d 257 (1992).

[11] " '[A]lthough the framers of the Fourteenth Amendment . . . could not have foreseen the rise of public-employee unions, grievance procedures, and other phenomena of modern labor relations . . . the concept of due process is sufficiently flexible to allow the courts to work out an accommodation between the interest in an orderly system of labor relations in the public sector as elsewhere and [a witness' right to receive a fair trial in a related action].' " *Tedesco* v. *Stamford,* supra, 222 Conn. 245.

*bility* that charges would be brought against them as a result of the proceeding was not sufficient. von Mahland, on the other hand, has a recognizable property interest in defending the pending allegations against him. This property right gives rise to the necessity to balance the interests of the individuals involved in the arbitration proceeding in keeping with the principles of due process.

This case is distinguishable from *Groban* in another respect. The *Groban* court placed great emphasis on the fire marshall's legal duty to ascertain, in the public interest, " 'whether the fire was the result of carelessness or design' and to arrest any person against whom there was sufficient evidence on which to base a charge of arson." *In re Groban,* supra, 352 U.S. 332. In balancing the interests of the individuals involved, it determined that the fire marshall's interest in conducting an "administrative investigation of incidents damaging to the economy or dangerous to the public" far outweighed the rights of the appellants. Id.

Weighing von Mahland's operative property interest in the related civil suit against the interest of the arbitration board that the administrative hearing not be disturbed or interfered with tips the scales in favor of von Mahland. We conclude that the trial court was correct in determining that von Mahland's property interest in the defamation suit extended to the arbitration proceeding, and that due process required that he be allowed the opportunity to consult with counsel tempered with the caveat that the consultation not interfere with or cause disruption of the administrative hearing.

## II

The arbitration board next claims that the trial court's ruling violates § 31-91-34 (a) of the Regulations of Connecticut State Agencies. This regulation provides

"[p]ersons having a direct interest in the arbitration proceedings are entitled to attend the hearings. It shall be discretionary with the chairman and subject to the agreement of all parties whether any other person may attend." The regulation governs persons who have a direct interest in the proceedings, and prohibits those persons that do not from attending such proceedings. An individual who is called to testify as a witness at an arbitration hearing is compelled by subpoena to attend. Such a witness is not present pursuant to § 31-91-34 (a); that witness is present under the compulsion of law and, therefore, an entirely different set of principles governs his appearance. See *DiPalma* v. *Wiesen,* 163 Conn. 293, 298–99, 303 A.2d 709 (1972). von Mahland was required by law to appear; his appearance and his attorney's attendance are not governed by § 31-91-34 (a). Thus, we conclude that the trial court's ruling does not violate that regulation.

### III

The arbitration board further argues that the trial court's ruling that von Mahland had a constitutionally protected right to have his attorney present at the arbitration hearing violates General Statutes § 1-21g (a), part of the Freedom of Information Act. It claims that the arbitration board had the authority to limit the attendance to those persons invited, and because von Mahland's attorney was not invited, he was properly excluded. We disagree.

It is true that § 1-21g (a) authorizes the arbitration board to limit the attendance of persons at the hearing "to persons invited by said body to present testimony or opinion pertinent to matters before said body . . . ." As previously discussed, however, it is also true that when the board subpoenaed von Mahland to testify, it implicitly invited his attorney, as a

matter of due process, to attend based on the unusual circumstances extraneous to the arbitration proceeding.

We, therefore, conclude that the order of the trial court was not improper.

The judgment is affirmed.

In this opinion the other judges concurred.