[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
re MOTION FOR SUMMARY JUDGMENT (#119)
The plaintiff sues the defendants, William von Mahland, Paul Gionfriddo, and the City of Middletown (City) in a three count complaint which arises from incidents which occurred during 1990 while the plaintiff was Zoning and Wetlands Officer for the City, a position he continues to hold. The defendant von Mahland was CT Page 8192 and is chairman of the Inland Wetlands and Watercourses Agency of the City, and the defendant Gionfriddo was Mayor of the City at the time of the acts complained of.
The crux of the complaint is defendant-Gionfriddo's issuance of a written reprimand to the plaintiff on January 11, 1990, his (Gionfriddo's) imposition, on March 23, 1990, of a two day suspension of the plaintiff from his employment, and a further such suspension of the plaintiff on June 14, 1990, the latter allegedly resulting in part from a letter written to Gionfriddo by the defendant von Mahland complaining of the plaintiff's performance of his employment responsibilities.
It is the plaintiff's position that the disciplinary action described was in retaliation for his statements and public position regarding a certain subdivision proposal, his efforts to challenge and to seek redress of sanctions imposed, and his support of the defendant Gionfriddo's opponent in a mayoral election.
Before the court is the defendants' motion for summary judgment, which asserts an absence of liability to the plaintiff predicated on a variety of legal theories. The parties were heard in oral argument, and memoranda of law in support of their respective positions have been filed.
I (First Count).
The first count can best be described as a mixed bag of causes of action. It alleges violations of federal constitutional rights guaranteed by the First and Fourteenth Amendments, violations of the plaintiff's civil rights as secured by 42 United States Code, Sec. 1983, and a violation of Sec. 31-51q
of the Connecticut General Statutes ("Liability of employer for discipline or discharge of employee on account of employee's exercise of certain constitutional rights"). Additional claims that the defendants violated provisions of the Connecticut Constitution, which are also a part of the first count, have been withdrawn. Pl. Mem. of Law (June 20, 1994), p. 16.
The several causes of actions above described should be set forth in separate counts of the complaint. P.B., Sec. 138. The defendants, as they should have done, have made no effort to achieve this end. P.B., Sec. 147(3); Fuessenich v.DiNardo, 195 Conn. 144, 149 (1985). It is unfair to require CT Page 8193 the court to ignore pleading deficiencies and analyze allegations of a single count in order to determine whether, along with supporting documentation (P.B., Sec. 380), one or more of the causes of action may be sufficient to withstand a varied attack which seeks summary disposition. The court declines to do so.
II (Second Count).
The second count sounds in intentional infliction of emotional distress. It is directed against the defendant-Gionfriddo and charges that his actions were extreme and outrageous and caused the plaintiff severe emotional distress. The elements of such cause of action have been defined by our Supreme Court. SeeDeLaurentis v. New Haven, 220 Conn. 225, 266-67 (1991); Petyanv. Ellis, 200 Conn. 243, 253 (1986). Two of the elements which the plaintiff must establish are (1) that the defendant intended to inflict emotional distress or that he should have known that such distress was a likely result of his conduct; and (2) that his conduct was extreme and outrageous.
"[S]ummary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions." Connell v. Colwell, 214 Conn. 242, 251
(1990). Moreover, "whether an actor's conduct is sufficiently extreme and outrageous to impose liability is one for the [trier]to decide." Brown v. Ellis, 40 Conn. Sup. 165,167-68 (1984).
It is patently clear that there are genuine issues of material fact, and the defendant, as to the second count, is not entitled to judgment as a matter of law. Strada v.Connecticut Newspapers, Inc., 193 Conn. 313, 316-17 (1984).
III (Third Count).
The third count charges the individual defendants with fraudulently inducing the City to breach its contract with the plaintiff to the latter's loss and detriment. The cause of action is more commonly labeled as tortious interference with a contractual or business relationship.
The essential ingredients of a claim based on tortious interference are "the existence of a contractual or beneficial relationship and that the defendant, knowing of the relationship, CT Page 8194 intentionally [seeks] to interfere with it; and, as a result, the plaintiff claim[s] to have suffered actual loss." Solomonv. Aberman, 196 Conn. 359, 364 (1985). In such an action the plaintiff is required "to plead and prove at least some improper motive or improper means." Blake v. Levy,191 Conn. 257, 262 (1983). The tortious aspect of the cause is satisfied by proof demonstrating "that the defendant was guilty of fraud, misrepresentation . . . or that the defendant acted maliciously." Robert S. Weiss Associates, Inc. v.Wiederlight, 208 Conn. 525, 536 (1988).
 A.
Both defendants argue that, even assuming the existence of an employment contract with the City, the plaintiff has failed to allege any actual breach thereof in support of a claim for tortious interference. The argument is unpersuasive, for "it is not essential to that cause of action that it appear that the tort has resulted in a breach of contract to the detriment of the plaintiff. [citations omitted]. The law does not . . . restrict its protection to rights resting upon completed contracts, but it also forbids unjustifiable interferences with any man's right to pursue his lawful business or occupation and to secure to himself the earnings of his industry." Sportsmen's BoatingCorporation v. Hensley, 192 Conn. 747, 754 (1984).
 B.
The defendant von Mahland argues, as alleged in his sixth special defense, that the third count of the complaint is barred by the doctrine of res judicata. This doctrine "provides that a former judgment serves as an absolute bar to a subsequent action involving any claims relating to such cause of action which were actually made or which might have been made." Dunham v.Dunham, 221 Conn. 384, 391,-92 (1992). Public policy underlying the doctrine is that "a party should not be able to relitigate a matter which it already has had an opportunity to litigate." In re Juvenile Appeal (83-DE), 190 Conn. 310,318 (1983).
Whether a prior action serves as a bar to a subsequent claim is determined by a transactional test. Commissioner ofEnvironmental Protection v. Connecticut Building Wrecking Co.,Inc., 227 Conn. 175, 189-90 (1993). If application of the test produces a positive result, the conclusion reached is, in CT Page 8195 effect, that "the plaintiff is seeking to relitigate a single claim under a new theory in order to obtain an additional remedy . . . . The transactional test . . . applies to extinguish a claim by a plaintiff against a defendant even though the plaintiff in the second action seeks remedies or forms of relief not demanded in the first action." Vakalis v.Kagan, 18 Conn. App. 363, 366 (1989).
The present plaintiff brought a prior action (Lapadulav. von Mahland, Case No. 065869, Middlesex Judicial District) against the defendant von Mahland, alleging libel and infliction of emotional distress. The claims were predicated on the contents of the above mentioned letter from von Mahland to the defendant-Gionfriddo. The case was disposed of in the trial court by entry of a summary judgment in favor of the defendant.
The von Mahland letter is conceded to be the basis of the plaintiff's instant claim against the same defendant, as set forth in the third count of the revised complaint; see paragraphs23-27. The claim, then, arises out of the same transaction or series of transactions upon which the prior law suit was based. Accordingly, result of the transactional test as to the third count is positive, and the doctrine of res judicata is a bar to the plaintiff's claim of tortious interference as to the defendant-von Mahland.
 C.
The defendant-Gionfriddo argues (Mem. of Law, pg. 16-17) that the injury which the plaintiff has alleged in the third count was sustained no later than June 14, 1990. The sheriff's return reflects January 9, 1993, as the date of service. It is this defendant's claim that the cause of action is therefore barred by the two-year statute of limitations; viz., Sec. 52-584, Conn. Gen. Stat.
The cause of action alleged is not one of those enumerated in Sec. 52-584 or another section. Accordingly, Sec. 52-577, which applies to all other actions rounded upon a tort applies to this ground of the revised complaint. Collins v. New CanaanWater Co., 155 Conn. 477, 490-91 (1967). Sec. 52-577
prescribes a three year limitation period, and the claim was therefore seasonably made.
D. CT Page 8196
The defendant-Gionfriddo argues that his actions as to the plaintiff were discretionary in nature and that he is therefore protected by the governmental immunity doctrine both under the common law and by statute.
(1)
While it is true that a municipality under common law enjoys the protection of the governmental immunity doctrine form liability for its tortious acts, an employee of the municipality enjoys only a qualified immunity in the performance of a governmental duty which requires the exercise of his discretion.Evon v. Andrews, 211 Conn. 501, 505 (1989). To assure such immunity his official and discretionary acts must be performed "in good faith, in the exercise of an honest judgment, and not in abuse of . . . discretion, or maliciously or wantonly. Wadsworth v. Middletown, 94 Conn. 435, 439,109 A. 246." Stiebitz v. Mahoney, 144 Conn. 443, 448
(1957). "[W]here the alleged acts involve malice, wantonness or intent to injure". . . the immunity doctrine cannot be successfully invoked. Evon v. Andrews, supra.
As already noted, the plaintiff has charged the defendant-Gionfriddo with fraudulent conduct in the commission of an intentional tort. Even assuming the defendant's acts were discretionary, the intentional characters of the tortious conduct alleged would deprive him of the immunity defense at common law.
(2)
The defendant also invokes Sec. 52-557n(a)(2)(B) and (b)(5) of our General Statutes as bases for a governmental immunity defense.
Reliance on Sec. 52-557n(a)(2)(B) as a basis for applicability of such immunity is misplaced. The protection provided applies only to political subdivisions of the state, and not to officers or employees. See Sanzone v. Board ofPolice Commissioners, 219 Conn. 179, 192-93 (1991).
On the contrary, Sec. 52-557n(b)(5), on which the defendant also relies, provides a qualified immunity to employees and officers of political subdivisions. It states in part as follows: CT Page 8197
 "a political subdivision of the state or any employee, officer or agent acting within the scope of his employment or official duties shall not be liable for damages to person or property resulting from: . . . (5) the initiation of a judicial or administrative proceeding, provided that such actions is not determined to have been commenced or prosecuted without probable cause or with a malicious intent to vex or trouble . . . ."
Even assuming the above language is applicable in the instant context; and this would presuppose that the plaintiff's own request for and actual hearing on his suspension before the State Board of Mediation and Arbitration (see Middletown v. vonMahland, 34 Conn. App. 772, 775 (1994)) constitutes the initiation of a judicial administrative proceeding contemplated by the statute; no immunity is available when the proceedings were instituted without probable cause or with a malicious intent. That is the very gravamen of the plaintiff's complaint.
If, on the other hand, the above provision is applicable as a result of disciplinary action initiated by the defendant, then, clearly, genuine issues of material fact are present. Thus, having failed at this juncture in establishing, as he must, the nonexistence of such issues; Connecticut Bank Trust Co. v.Carriage Lance Associates, 219 Conn. 772, 781 (1991); the relief the defendant seeks is inappropriate.
IV (Conclusion)
For all of the reasons set forth above, the following order may enter with regard to the instant motion:
(1) as to the second count, denied
(2) as to the third count, granted as to the defendant-von Mahland; denied as to the defendant-Gionfriddo.
GAFFNEY, J.