[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGEMENT #107
The plaintiff, Ford Motor Credit Company (FMCC), sold a 1992 Ford Explorer to Raymond Mayer. Mayer paid for part of the truck by trading in his Nissan truck and entering into a retail installment contract with FMCC's assignor for the remainder of the outstanding purchase price. FMCC did not know at the time of the sale that Mayer was unable to handle his own affairs, and that the defendant, Wallace R. Williams III, had been appointed Mayer's conservator. Mayer's attorney, Ronald K. Bellenot Sr., informed FMCC of Mayer's legal incapacity to make contracts, but by then FMCC had already sold the Nissan truck that Mayer used as a trade-in. After the parties failed to reach a compromise, Williams filed a notice of disallowance of claim in the probate court pursuant to General Statutes § 45a-152. Subsequent to this, FMCC repossessed the Ford Explorer. The Probate Court of CT Page 10541 Trumbull held a hearing to determine the ownership of the Ford Explorer. FMCC appeals from the September 8, 1997 order of the probate court, which ordered that FMCC: (1) return possession of the Ford Explorer to Mayer or supply a vehicle equivalent in all respects; (2) return various personal items belonging to Mayer that were in the Ford Explorer when it was repossessed; (3) pay attorney's fees to Bellenot; (4) pay conservator's fees to Williams; (5) pay Williams auto rental fees plus $39 per day until the Ford Explorer is returned; (6) deliver clear title of the Ford Explorer to Williams; and (7) notify all credit reporting agencies to remove any and all adverse reporting regarding this transaction. FMCC appeals the probate court's order on the following grounds: (1) the probate court lacked authority to issue its order because FMCC never had notice of the hearing; (2) the probate court lacked authority to award equitable relief and damages against FMCC; and (3) the order put Maher in a better position than he was prior to his entering into the agreement to purchase the Ford Explorer. FMCC argues that based on these grounds, the probate court's order is unjust and FMCC is entitled to summary judgment.[1]
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue. . . ." (Internal quotation marks omitted.) Maffucci v.Royal Park Limited Partnership, 243 Conn. 552, 554-55,707 A.2d 15 (1998).
 Standard of Review
"Our courts of probate have a limited jurisdiction and can exercise only such powers as are conferred on them by statute."Heiser v. Morgan Guaranty Trust Co., 150 Conn. 563, 565,192 A.2d 44 (1963). "It is a familiar principle that a court which exercises a limited and statutory jurisdiction is without jurisdiction to act unless it does so under the precise circumstances and in the manner particularly prescribed by the CT Page 10542 enabling legislation." State v. Gordon, 45 Conn. App. 490, 495,696 A.2d 1034, cert. granted, 243 Conn. 911, 701 A.2d 336 (1997). "The Superior Court, in turn, in passing on an appeal, acts as a court of probate with the same powers and subject to the same limitations." Heiser v. Morgan Guaranty Trust Co., supra,150 Conn. 565.
 B. Notice
FMCC argues that in contravention to General Statutes §45a-24, it never received notice of the probate court's hearing, and therefore the probate court's order is invalid. Section45a-24 provides in part: "All orders, judgments and decrees of courts of probate, rendered after notice and from which no appeal is taken, shall be conclusive and shall be entitled to full faith, credit and validity and shall not be subject to collateral attack, except for fraud."
Williams, as Mayer's conservator, applied to the probate court for the "immediate return of estate property and request for reimbursement for expenses incurred by the estate." (Motion For Summary Judgment, Ex. I). The probate court ordered that William's application be heard and determined, and then designated several individuals to whom notice of the hearing was to be given. (Motion For Summary Judgment, Exhibit I). Neither FMCC nor any of its agents was given notice of the hearing on September 4, 1997, during which the probate court made the orders which FMCC is appealing. (Motion For Summary Judgment, Exs. A, I).
"[I]t is a principle of natural justice of universal obligation, that before the rights of an individual be bound by a judicial sentence he shall have notice . . . of the proceedings against him. . . . Fundamental tenets of due process, moreover, require that all persons directly concerned in the result of an adjudication be given reasonable notice and the opportunity to present their claims or defenses." (Internal quotation marks omitted.) Mary Catherine Development Co. v. Town of Glastonbury,42 Conn. App. 318, 323, 679 A.2d 52 (1996). "[T]he due process clauses of the state and federal constitutions require that one subject to significant deprivation of liberty or property must be accorded adequate notice and a meaningful opportunity to be heard." (Internal quotation marks omitted.) Middletown v. vonMahland, 34 Conn. App. 772, 780, 643 A.2d 888 (1994). Due process principles are relevant in the context of probate court CT Page 10543 proceedings. In Kron v. Thelen, 178 Conn. 189, 197 n. 3,423 A.2d 857 (1979), the court held that General Statutes § 45-289 must be construed to require a probate court to give notice of its decree before the statutory appeal period from probate court judgments can begin to run. See also State v. Glen FallsIndemnity Co., 120 Conn. 178, 179 A. 823 (1935) (where statute empowers court to make decree ascertaining distributees and authorizing distribution did not provide for notice of hearing decree cannot be made except after due notice to affected parties).
Therefore, the plaintiff's motion for summary judgment is granted on the ground that the plaintiff never received notice of or was afforded the opportunity to appear at the September 4, 1997 hearing from which the plaintiff now appeals. Accordingly, the appeal is sustained and the matter is remanded to the probate court for a new hearing on the merits after proper notice is given to all interested parties. State v. Estate of Scarpellino,
Superior Court, judicial district of New Haven at New Haven, Docket No. 343653 (January 25, 1994, Hodgson, J.) (9 C.S.C.R. 221) (upon granting of plaintiff's motion for summary judgment, matter remanded to probate court for further proceedings consistent with court's findings).
SKOLNICK, J.